## KELLY *a.* BLOOM.

*New York Superior Court; General Term, March,* 1864.

WHO MAY APPEAL.*—JUDGMENT IN APPELLANT'S FAVOR.

A party cannot claim the benefit of a judgment, and at the same time appeal from it.

In an action in which the plaintiff recovered judgment for the purchase-money of certain real property which was subject to the lien of unpaid taxes, &c., the judgment directed the plaintiff to apply the money recovered to the payment of such taxes, &c. ; and further declared that if the defendant should first pay them, he should be credited therewith as so much paid on the purchase-money.

*Held,* that this provision was not a benefit secured to the defendant by the judgment, in such sense that he, having paid the taxes, would be precluded from appealing from the judgment.

It might be otherwise, if the judgment had not directed the plaintiff to pay the taxes out of the purchase-money recovered by him.

Motion to dismiss an appeal.

The action was brought by Richard Kelly, suing as a receiver, &c., against Rachel Bloom, administratrix, &c.

---

* In MORTIMER *a.* NASH (*Supreme Court, First District; General Term, Feb.*, 1864), it was *Held,* that a purchaser, at foreclosure sale, was entitled to appeal from an order setting aside the sale, but that the court would not interfere except in a very strong case.

This was an appeal by Charles W. Alcott, John Emmons, and John O. Higgins, purchasers at a sale under a foreclosure, in favor of John Mortimer, Jr., against Daniel D. Nash and others. The court, at special term (LEONARD, J.), set aside the sale as to certain lots. The purchasers appealed.

*Eusebius W. Dodge,* for the respondent, moved to dismiss the appeal on the ground that the order was not appealable, being in the discretion of the court below,—citing Kingsland *a.* Bartlett (8 *Abbotts' Pr.*, 42).

*Wm. Henry Arnoux,* for the appellant, opposed.

The Court (SUTHERLAND, LEONARD, and CLERKE, JJ.) held that such an order affected a substantial right, and was appealable.

On the merits being argued, the court held that it would not interfere, unless a very strong case was made out, which it did not seem to the court had been done in this case. The order was, therefore, affirmed, with a modification assented to by the respondent. No written opinion was delivered.

The facts of the case sufficiently appear in the opinion of the court.

*S. B. Brownell*, for motion.

*W. McDermott*, opposed.

By THE COURT.*—MONELL, J.—The action, in effect, was to recover the balance of purchase-money of two houses and lots, sold and conveyed by Joseph Lynch to the defendant's intestate, Edward N. Bloom. The cause was tried by a justice of this court without a jury, who found the balance of the purchase-money unpaid to be $1,823.30; and he adjudged that the conveyance from Lynch vested in the defendant's intestate the title to said houses and lots in fee-simple, subject to the lien of certain mortgages thereon, and to the *taxes* and *assessments* which had previously been levied thereon. After allowing certain credits to Bloom, the justice directed the residue of the balance of purchase-money to be paid to the plaintiff, as receiver, to be applied by him, *First*, To the payment of his costs, &c.; and "*Second*, To the payment of all *unpaid taxes and assessments* which were liens upon the said houses and lots; and it is expressly provided, that if said Bloom has or shall have fully paid and satisfied said liens for taxes and assessments, and shall produce to the receiver the receipts therefor, that then he is to be credited therewith, as a payment by him on account of said purchase-money, and shall not be required to pay the amount of said taxes and assessments over to the receiver."

Judgment, upon the decision of the justice, was, on the sixth of April, 1863, entered, *nunc pro tunc*, as of the 13th of February, 1862.

On the 18th of July, 1862, after the decision, but *before the actual entry of judgment*, the defendant paid the taxes upon the houses and lots for the years 1859 and 1860, amounting to $329.65, and on the 16th day of October, 1863, appealed from the judgment to the general term of this court.

If the judgment is to be regarded as entered on the 13th of February, 1862, then the appeal was clearly too late: but neither party so regards it; and it is to be deemed a judgment

* Present, BARBOUR, MONELL, and GARVIN, JJ.

entered on the 6th of April, 1863, relating back, in its effects, to the day the decision was made.

It is true, as claimed by the plaintiff's counsel, that a party cannot enjoy the fruits of a judgment which is partly in his favor, and appeal from other parts of the same judgment. The reason is, that the court cannot reverse part of a judgment without reversing the whole; and an election to receive the benefits of the judgment, is a renunciation of the right to appeal.

If the provision in the judgment, authorizing Bloom to pay the taxes, and to have the amount deducted from his payment to the receiver, was a *benefit secured to him by the judgment*, then, perhaps, the payment would have precluded him from appealing. But in the adjustment of the amount due from Bloom, the taxes were to be credited as a lien upon the lots, and allowed to him out of the purchase-money. The receiver was expressly directed to pay the taxes out of the purchase-money, and whether Bloom paid the whole balance of purchase-money to the receiver, and the latter paid the taxes, or Bloom paid them, and deducted the amount from his payment to the receiver, is quite immaterial. It was, therefore, in effect, a payment by the receiver as directed by the judgment.

Suppose the judgment should be reversed, what benefit could Bloom have derived from the payment by him of the taxes? If ultimately his defence should prevail, and it should be declared that the title to the lots was not vested in him, his payment of taxes would be a positive loss.

The actual benefit which he receives from the judgment, is in having the taxes declared to be a lien upon the lots, and having them allowed to him in the adjustment of the amount claimed to be unpaid of the purchase-money. The payment of them, in any view I can take of the question, was not a benefit, but may be a positive loss.

If the receiver had not been directed to pay out of the purchase-money, then the provision in the judgment, standing by itself, would doubtless have been beneficial to the defendant, and she could not enjoy its fruits, and at the same time appeal. But it is immaterial who paid. The lien was to be discharged at all events, and that too with the defendant's money. If the defendant did not pay, the receiver must, and the former re-

ceived no greater advantage by himself paying, than he would had he left it to the receiver.

There is another answer to the motion.    Bloom, as the owner of the lots, had a right, irrespective of the judgment, to pay the taxes which were a lien upon his property.    Indeed, he was bound to pay them, and if assessed. in his name, he was personally liable; and we cannot say that he did not pay them solely to relieve himself from this personal liability.    He did, in fact, pay them before the judgment was entered; and it can scarcely be said that, in paying, he availed himself of a beneficial provision in a judgment, which had not then been entered.

The motion should be denied, with ten dollars costs.

Ordered accordingly.