R. H. MOORE, APPELLANT, v. S. F. FLOYD ET AL., RESPONDENTS.

JUDGMENT.—A party cannot claim the benefit of a judgment, and at the same time appeal from it.

APPEAL from Jackson County.

The facts are stated in the opinion of the Court.

*J. F. Watson, and Thayer & Williams,* for the motion.

*B. F. Dowell and W. R. Willis,* contra.

By the Court, McARTHUR, J.:

At the November term, 1871, of the Circuit Court for Jackson County, in an action at law, Moore obtained a verdict and judgment against the respondents for five hundred dollars, and costs and disbursements duly taxed. Upon the trial certain exceptions were reserved, and the bill thereof was allowed and signed December 12, 1871. On January 2, 1872, the judgment, costs and disbursements were paid, and full satisfaction thereof was entered on the margin of the journal by Kelly, one of Moore's attorneys. On May 17, 1872, Moore, by his attorney, B. F. Dowell, filed notice of appeal to this Court, which notice was duly served.

Upon this state of facts we are of opinion that Moore waived his right to appeal. A party cannot claim the benefit of a judgment, and at the same time appeal from it. (*Kelly* v. *Bloom,* 17 Abb. Pr. 229.) The right to proceed on the judgment and enjoy its fruits, and the right of appeal, are not concurrent; on the contrary, they are totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other. (*Bennett* v. *Van Syckel,* 18 N. Y. 484.) The election was made when the amount of the judgment, costs and disbursements was accepted and satisfaction thereof entered. In this case the judgment became a dead record long before the notice of appeal was filed, and was not, nor could it be revivified by the filing thereof. The motion must be granted, and the appeal dismissed.

Appeal dismissed.