Rapallo, J.
The evidence clearly established that Holbrook, the carman of the defendants, had general authority tó receive for them all goods directed to them and arriving at the Binghamton railroad depot at Syracuse. That his authority was recognized by the railroad company and goods were delivered to him without any special order from the defendants and he always receipted for the goods so delivered to him, and that the defendants were in the habit of settling monthly with the railroad company for the freight upon all goods thus received by Holbrook. Also that the deliveries to him included returned goods as well as goods ordered by the defendants.
Although Holbrook’s receipt of the barrel in question did not bind the defendants to an acceptance of it, nor amount to a consent on their part to the rescission of the contract of •sale, we think it was sufficient to charge them with its temporary custody. If Holbrook had left it at the depot, the railroad company would have been responsible to the plaintiff for its care. The delivery to Holbrook clearly discharged the • company from all such liability. When Holbrook took the barrel to the defendants’ store and was there directed by the shipping and receiving clerk to take it back to the railroad depot, and undertook that service, he was acting in the service of the defendants and under their orders, and was entitled to compensation therefor from them ; and we think that they are responsible for the loss arising from his negligence or misconduct in the performance of this duty. Holbrook could not have obtained possession of the barrel but for the authority conferred- upon him by the defendants, and although they were not bound to accept it, yet when it got, even contrary to their intentions, into the hands of their agent having general authority to receive goods for them, they became charged with its custody and were bound to discharge themselves of the responsibility thus cast upon them.
*291 It appears that they had instructed their receiving clerk not to receive this barrel, but it does not satisfactorily appear that Holbrook had received any such instructions. His testimony is inconsistent with his having received them: In the performance of his general duty he took the barrel away from the depot, and by this interference with the plaintiff’s property deprived him of his recourse against the railroad company. This act having been done by Holbrook on behalf of the defendants, and in conformity with the general authority with which they had clothed him, they must be held responsible.
We do not think there was any error in receiving in evidence the receipt given by Holbrook at the time of the delivery of the property to him. It was a part of the transaction and done in accordance with the usual course of dealing of the defendants with the company. •
No question was raised at the trial in respect to the pleadings and therefore none can be raised here. Neither was there any exception to the charge. The point that the judgment recovered by the defendants against the plaintiff for the price of the barrel of gin, as for goods sold and delivered, is a bar to this action, was not in our opinion well taken. It establishes that the goods were delivered by the defendants to the plaintiff, but that is not inconsistent with the claim now made: that after such delivery the plaintiff returned the property to the defendants and that it came again into their possession.
We have considered the position taken in the opinion delivered at General Term, that the plaintiff, having shipped the property to the defendants without authority, the carman was his agent and not that of the defendants ; but we do not think this position tenable. As we have already observed, the general authority conferred by the defendants on their .carman was sufficient to authorize him to receive it and to charge- them compensation for transporting it, and it was only by reason of this authority that he was enabled to obtain possession of it.
The order of the General Term should be reversed and the *292 judgment entered on the verdict of the jury affirmed with costs.
All concur.
Order reversed, and judgment accordingly.