## THE UPTON MANUF'G CO. v. HUISKE.

1. **Practice on Appeal:** VERDICT ON CONFLICTING EVIDENCE. A verdict rendered on conflicting evidence will not be disturbed in this court.

2. **Sale of Machine:** WARRANTY: BREACH: CHOICE OF REMEDIES. Where a machine is purchased under a warranty for a year, the purchaser may, upon discovering that it does not work as warranted, either rescind the contract by returning the machine, or sue on the warranty for the recovery of his damages. (See opinion for authorities.) But, if he elects to rescind, he must do so and return the machine within a reasonable time after he discovers the breach, and he has not the year for which the machine is warranted in which to exercise his election.

3. **Appeal:** WAIVER BY ACCEPTING PROCEEDS OF JUDGMENT. Where an

| 69 | 557 |
| 79 | 105 |
| 69 | 557 |
| 86 | 548 |

| 69 | 557 |
| 118 | 25 |

| 69 | 557 |
| 123 | 557 |

| 69 | 557 |
| 130 | 513 |
| 130 | 628 |

| 69 | 557 |
| 136 | 496 |

action was upon two promissory notes, and defendant offered to permit judgment to be entered for the amount of one of them, which offer was rejected, and there was a trial as to the other note, and a verdict and judgment thereon for defendant, and after verdict the court entered judgment for plaintiff on the other note, the amount of which defendant paid to the clerk, *held* that plaintiff did not waive its right to appeal from the judgment against it on the second note by accepting from the clerk the proceeds of the judgment in its favor on the first one. *Ind. Dist. of Altoona v. Dist. Twp. of Delaware*, 44 Iowa, 201, distinguished.

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 15.

PLAINTIFF filed two promissory notes executed by defendant's intestate as a claim against the estate of which she is administratrix. Defendant answered that one of said notes was given for a horse-power which was sold by plaintiff to the intestate, and that said horse-power was sold with a warranty of its quality, and that there had been a failure of such warranty, and that on the happening of said breach the intestate had rescinded the contract by returning the property to plaintiff. The issue was tried to a jury, and there was a verdict and judgment for defendant. Plaintiff appeals.

*Wright & Farrell*, for appellant.

*A. E. Clarke*, for appellee.

REED, J.—The undisputed facts are that on the twenty-seventh day of July, 1883, defendant's intestate purchased from plaintiff's agent at Fort Dodge a horse-power and separator, and gave the notes in suit for part of the purchase price thereof; that he received the machinery within three days after the purchase, and used it during the threshing season of 1883, and that he commenced using it on the opening of the threshing season of 1884, and continued to use it for about three weeks, and until the latter part of August, when

one of the wheels of the horse-power was broken; that he then took the power to the place of business. of plaintiff's agent at Fort Dodge, and demanded of an employe of the agent (the agent being absent) that a new wheel be furnished in place of the one broken, but the employe refused to furnish the same, and he thereupon drove the power onto the premises of the agent, and left it there, where it remained until the next spring, when it was taken away by a third party, who claimed to have authority from the intestate to take it; but whether he in fact had such authority was not shown.

It is conceded by both parties that there was a warranty of the machinery. Plaintiff's claim is that the warranty was in writing, and that by its terms the intestate was required to give written notice of the failure of the machine to fulfill the terms of the warranty within ten days after a trial, and, upon his failure to give such notice within that time, the warranty should be considered fully satisfied, and it alleged in its reply that intestate had failed to give such notice. Defendant's claim is that the warranty was in parol, and that the machine was warranted to be well made, of good material, and to be of as light draught, and that it would do as good work, as any other machine in the market; and there was evidence tending to establish this claim; also that the machine was warranted for one year. It was also shown that the horse-power from the beginning worked much harder than other powers in use, and that the intestate had trouble with it in this respect during the whole of the time he used it, and that during the season of 1883 one or two of the pinions were broken, and were replaced by plaintiff's agent; also that one pinion was broken in 1884, before the breaking of the wheel. The cause of these breakages, however, was not shown. There was evidence which tended to prove that, on two or three occasions during the season of 1883, the intestate complained to plaintiff's agent that the horse-power was working hard. But there was no evidence that the agent made any promise, or gave him any assurance, to induce him

to retain it. Counsel for plaintiff contended that the verdict was contrary to the evidence, because (1) the warranty applied to both the separator and the horse-power, while the attempted rescission related only to the latter; and (2) the right of rescission had terminated before the intestate returned the horse-power to Fort Dodge, and left it on the premises of plaintiff's agent.

I. The circuit court instructed the jury as follows: "If you find that the warranty was oral, and applied to or 1. PRACTICE  included the separator as well as the horse-power, on appeal:  and no return or offer to return the separator was verdict on  conflicting  evidence.  made, then you must find for plaintiff for the whole amount of its claim." It was conceded that the intestate did not return the separator, or offer to return it. The jury must have found, then, that the warranty applied only to the horse-power. They could otherwise only have found the verdict they did by disregarding the instruction. The evidence which has any tendency to prove that the warranty applied only to the horse-power appears to us to be exceedingly meager and unsatisfactory. We cannot say, however, that there was no evidence tending to prove that fact. Under the well-settled rule, then, that we will disturb the verdict of the jury only when it appears to be clearly without support, we cannot reverse the judgment on this ground.

II. The only ground for rescinding the contract shown by the evidence was that there was a failure of the warranty 2. SALE of  that the machine would run as light as any other machine:  machine in the market; for, as stated above, there warranty:  breach:  was no proof that the breakages which occurred choice of  remedies.  were caused by any defect either in the workmanship or the material of the machine. A breach of the warranty that it was well made, and of good material, was not established by proof merely of the breakages, for they might have occurred from other causes than defective workmanship or material. But the breach proven was discovered at once when the intestate commenced to use the machine. He

knew, during the whole of the season of 1883, that in respect to its draught the power did not comply with the warranty. When he made this discovery, he had the election either to rescind the contract by returning the property, or to sue on the warranty for the recovery of his damages. *Aultman, Miller & Co. v. Theirer,* 34 Iowa, 272; *Rogers v. Hanson,* 35 Id., 283; *McCormick v. Dunville,* 36 Id., 645; *King v. Towsley,* 64 Id., 75. But, if he elected to rescind the contract, the law requires that he should have made the election at once, or at least within a reasonable time after he dis-covered the breach. It was his duty in making the rescission to put the other party as near as possible in *statu quo.* He was required to return the machine in the same condition, as near as possible, that it was in when he received it. This he could not do if he retained and continued to use it for a year or more after the breach was discovered. It makes no dif-ference that the machine was warranted for a year. A war-ranty for a definite period is a warranty against defects which may occur or be discovered within that period. But it does not operate to extend the time after the occurrence or dis-covery of the breach within which the party may rescind the contract, if he elects to pursue that remedy. By retaining and using the machine for the length of time he did after he discovered that there had been a failure of the warranty, the intestate is presumed to have elected to pursue such remedy for the breach as would be afforded by an action for damages on the warranty. The verdict should have been set aside on this ground.

III. Defendant admitted that the estate was indebted to plaintiff on one of the notes sued on, and offered to permit judgment to be entered for that amount. But this offer was not accepted. After the verdict was returned, the circuit court entered judgment for that amount, and defendant thereupon paid the amount to the clerk. After plaintiff had perfected its appeal, it received a portion of the amount so paid by defendant from the clerk,

**3. APPEAL:** waiver by accepting proceeds of judgment.

and receipted to him therefor, specifying in the receipt, however, that it did not intend, by receiving the money, to waive its appeal, or surrender any right thereunder. Defendant filed in this court a motion to dismiss the appeal on the ground that plaintiff, by accepting the money, had waived the right to prosecute the appeal. We think this motion should be overruled. There was no controversy between the parties as to plaintiff's right to recover on the note on which judgment was entered. Defendant admitted a liability on that note, but pleaded a defense against the other. The questions which were litigated all arose under this defense. By accepting an amount which was admitted to be due, plaintiff did not waive its right to appeal from that part of the judgment which was adverse to it. The facts do not bring the case within the rule of *Indpendent Dist. of Altoona v. Dist. Twp. of Delaware*, 44 Iowa, 201.

REVERSED.