## PORTLAND CONSTRUCTION CO. *v.* O'NEIL.

[S. C. 32 Pac. Rep. 764.]

ACCEPTING BENEFIT OF DECREE—WAIVER OF RIGHT TO APPEAL.—When the pleadings admit a specified sum to be due, and the amount is paid into court, it may be accepted by the party entitled thereto without waiving the right to appeal; but if the amount of a judgment or decree in excess of the specified sum be withdrawn from the custody of the clerk, even though the record be not canceled, it operates as an absolute satisfaction, unless the decree is a severable one, and the right to appeal cannot be reinstated by paying the money back to the clerk.

Multnomah County: LOYAL B. STEARNS, Judge.

Suit in equity by the Portland Construction Company, as assignee of Messrs. Wolfe & Callahan, against the Sisters of Charity of Providence, the owners of St. Vincent's Hospital, in Portland; J. R. O'Neil, the contractor for excavating for the foundations of the hospital; and J. S. McElvaine and others who performed work under Wolfe & Callahan, the sub-contractors. There was a decree in plaintiff's favor from which it appealed. Dismissed.

*Milton W. Smith* (*Walter S. Perry* of counsel), for Appellant.

*Raleigh Stott,* for the Sisters of Charity.

*Thos. N. Strong,* for J. R. O'Neil.

*Jasper J. Johnson,* for McElvaine and other claimants.

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit brought by the Portland Construction Company, as assignee of Messrs. Wolfe & Callahan, to foreclose a lien upon the property of the Sisters of Charity for excavating for the foundation of St. Vincent's Hospital, at Portland. The answer of the Sisters of Charity admits that there was due a balance of seven thousand four hundred and forty-two dollars and sixteen cents, which sum they deposited with the clerk, but at the trial, on November 14, 1892, the court found that there was due in addition thereto the sum of one thousand three hundred and seven dollars and ninety-eight cents, and decreed that if this amount was not paid the property should be sold to satisfy the lien. On November 15, 1892, the Sisters of Charity paid into court the amount so found due, and the plaintiff on the next day drew from the clerk the whole amount so tendered and paid, but did not cancel the decree of record. The money was kept until November 19, 1892, when, becoming dissatisfied, it was returned to the clerk, and on December 7, 1892, the plaintiff attempted to appeal from said decree by serving and filing a notice thereof, wherein it sought to recover the sum of three thousand nine hundred and fifty-four dollars and eighty-seven cents; an attorney's fee of one thousand dollars; interest on the whole claim from October 1, 1891; and the costs and disbursements, in addition to the amount so decreed. The Sisters of Charity, on January 7, 1893, filed a motion in the court below for an order requiring

the clerk to satisfy the decree, which was on January 17, 1893, allowed, and the clerk ordered to satisfy the same as of November 16, 1892, from which order also the plaintiff appeals.

The Sisters of Charity move to dismiss the appeal from the decree of November 14, 1892, and contend that it has been paid and satisfied, while the plaintiff contends that the appeal is from that part of the decree which failed to award the full amount of its claim, and that the acceptance of the fruits of the decree is not a waiver of its right to appeal. Judge ELLIOTT, in his work on Appellate Procedure, § 150, says "It is a general rule that a party who accepts the benefit of a judgment waives the right to prosecute an appeal from it." Mr. Freeman, in his valuable work on Judgments, § 426, says that "Payment will of course operate as a release, if made to the plaintiff or to any person authorized by him to receive it." And the same learned author at section 466, says that "Payment produces a permanent and irrevocable discharge, after which the judgment cannot be restored by any subsequent agreement." The deposit of this money with the clerk was not a payment of the decree, and could not operate as a discharge thereof until the plaintiff accepted it. "A tender upon a judgment, if not accepted, does not operate as an extinguishment of the lien": *People* v. *Beebe,* 1 Barb. 385. It has been repeatedly held that where the pleadings admitted a certain amount due, and such sum had voluntarily been tendered, or paid after judgment, the amount tendered or paid on the judgment may be accepted by the prevailing party without waiving the right to appeal: *Embry* v. *Palmer,* 107 U. S. 8 (2 Sup. Ct. Rep. 25); *Morris* v. *Garland,* 78 Va. 215; *Higbie* v. *Westlake,* 14 N. Y. 288; *Dudman* v. *Earl,* 49 Iowa, 37; *Upton Mfg. Co.* v. *Huiske,* 69 Iowa, 557 (29 N. W. Rep. 621). The Sisters of Charity having admitted that there was due seven thousand four hundred and forty-two dollars

and sixteen cents, and having voluntarily tendered this amount, the plaintiff, after judgment, might have accepted the same, because it was a confession of judgment for that amount, and due at all events, and if the money had been allowed to remain with the clerk, the interest thereon would have been lost to the plaintiff.

In *Moore* v. *Floyd*, 4 Or. 260, this court held that " a party cannot claim the benefit of a judgment, and at the same time appeal from it. The right to proceed on a judgment and enjoy its fruits, and the right of appeal are not concurrent; on the contrary, they are totally inconsistent. An election to take one of these courses was therefore a renunciation of the other." The case of *Lyon* v. *Bain*, 1 Wash. T. 482, is directly in point. A decree was there rendered awarding a lien upon certain land for the payment of two hundred dollars and costs, which was paid into court in pursuance of the decree. The attorney for the prevailing party drew out the costs and one hundred dollars on account of the decree, which latter sum he subsequently returned to the court, and on these facts the appeal was dismissed. The court, by WINGARD, J., said: "The payment of the money into court was in the nature of a tender. The plaintiff was not bound to take it, but, having done so, his act is a termination of his right to further litigation." The payment of one thousand three hundred and seven dollars and ninety-eight cents was not voluntary, but was coerced by the decree, and, while the plaintiff might have accepted the amount tendered, it could not appropriate this amount which had been allowed over and above the tender and maintain its appeal unless the decree is severable.

In *Shook* v. *Colohan*, 12 Or. 239 (6 Pac. Rep. 503), this court held "that the trial of the suit anew would be confined to a trial of the case affecting the part of the decree specified in the notice of appeal." In *Inverarity* v. *Stowell*, 10 Or. 261, the lower court decreed that the building which

was subject to a mechanics' lien be sold separately from the land, with the right of removal by the purchaser, and the proceeds applied first to the satisfaction of the mechanics' lien. The record also shows that appellant, after the decree, had obtained an order for the issuance of an execution thereon, and the respondents claimed that the right of appeal had been waived. Watson, C. J., says: "The principle, as we understand it, which the respondents seek to have applied here, is that when the provisions of a judgment or decree are so closely connected and mutually dependent, that a reversal as to one would render necessary the reversal of the others, a party cannot take the benefits of some of such provisions and still retain his right of appeal," and held that the decree for the sale of the property might well stand and be enforced, and yet the portion directing the application of the proceeds be reversed or modified.

In the case at bar, plaintiff cannot have a decree in the court below for more than the amount tendered, and here for an additional sum. The issue there tried was the difference between the sum tendered and the amount claimed, and the appeal, if properly taken, brings up every part of the decree in addition to the tender, and is so closely connected with and mutually dependent upon the amount involved that it would necessitate an examination into the whole question of the amount due in excess of the tender.

The plaintiff having accepted the fruits of the decree the lien thereof was discharged, and there was nothing from which to appeal. The return of the money could not reïnstate the decree so as to give this court jurisdiction, and the motion to dismiss the appeal must be allowed.