Argued July 25; decided August 5, 1895.

## BUSH *v.* MITCHELL.
[41 Pac. 155.]

ACCEPTING PART OF A JUDGMENT AS A WAIVER OF RIGHT TO APPEAL.— In actions at law the entire case is either affirmed or reversed, so that an appeal cannot be taken from a part of a judgment, and the balance of it be accepted (*Portland Construction Company* v. *O'Neill*, 24 Or. 54, cited); thus, where a judgment went for plaintiff for the amount of a note, but the court refused to allow any attorney's fee, the plaintiff cannot accept the money adjudged to him on the note, and then appeal from the refusal to allow the attorney's fee, for if the case is reversed for one purpose it is for all purposes, and the question of the amount due on the note must be tried again.

APPEAL from Marion: GEORGE H. BURNETT, Judge.

This is a motion to dismiss an appeal. The facts are that on February twenty-fourth, eighteen hundred and ninety-four, the plaintiff, having commenced an action against the defendants, obtained a judgment therein for twenty-four thousand five hundred and fifty-six dollars and fifty cents, the amount due on a promissory note, containing a provision for reasonable attorney's fees in case "suit" was instituted for its collection. The complaint in said action, in addition to the usual averments, also alleged that one thousand two hundred dollars was a reasonable sum as attorney's fees, all which having been put in issue by the answer, the plaintiff at the trial offered evidence tending to prove the said allegation, to the in-

troduction of which the defendants objected because the proceeding was an action at law and the note provided for an attorney's fee in case of a suit, and, their objection having been sustained, an exception was saved. On May twenty-eighth, eighteen hundred and ninety-four, the judgment, interest, and costs amounted to twenty-three thousand three hundred and eighteen dollars and eighty cents, and the defendants, claiming to have a cross-demand for two thousand nine hundred and thirty-eight dollars and eighty-three cents, which they desired to offset, paid to the plaintiff, who received and receipted for the same, the sum of twenty-two thousand three hundred and seventy-nine dollars and ninety-seven cents on account of the judgment. On August twenty-fourth, eighteen hundred and ninety-four, the plaintiff served and filed a notice of appeal, and gave an undertaking therefor, and the transcript having been filed in this court, the defendants moved to dismiss the attempted appeal, and contend that the plaintiff, having accepted a part of the judgment, has waived his right of appeal; while the plaintiff insists that the claim for attorney's fees and the demand for the amount due on the note are severable, and that, if the error complained of be manifest, the judgment should be reversed and the cause remanded to try the claim for attorney's fee only.

DISMISSED.

*Mr. Ossian Franklin Paxton,* for the motion.

*Messrs. H. J. Bigger* and *Tilmon Ford, contra.*

PER CURIAM. The rule is universal that a party will not, without the consent of his adversary, be permitted to split up his demand and maintain separate

actions on the several parts: *Little* v. *City of Portland,* 26 Or. 235 (37 Pac. 911). So, too, it is equally well settled that a party will not be permitted to maintain separate appeals from parts of a judgment or decree: Elliott on Appellate Procedure, § 18. "There is a class of cases," says the same learned author, (Elliott on Appellate Procedure, § 99,) "which apparently form an exception to the general rule that an appeal will not lie from part of a case, but the cases forming this class will be found on investigation to be apparent rather than actual exceptions. The class to which we refer is composed of cases wherein an issue, distinct, entire, and complete, is formed between some of the parties, and upon which issue a final judgment is given affecting only the interests and rights of the parties to that issue." In prescribing the form of a notice of appeal, the statute provides that "such notice shall state the appellant appeals from the judgment or decree of the circuit court, or some specified part thereof, and in case the judgment be one rendered in an action at law, shall specify the grounds of error, with reasonable certainty, upon which the appellant intends to rely upon the appeal": Hill's Code, § 537, subdivision 1. It also provides that "upon an appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from, in the respect mentioned in the notice, and not otherwise, as to any or all of the parties joining in the appeal, and may include in such decision any or all of the parties not joining in the appeal, except a codefendant of the appellant against whom a several judgment or decree might have been given in the court below; and may, if necessary and proper, order a new trial": Hill's Code, § 544. The section of the statute last quoted, when interpreted by the apparent exception to the

general rule applicable to appeals, (Elliott on Appellate Procedure, § 99,) would seem to refer to some of the parties between whom a distinct issue is formed, and who would be permitted to appeal from so much of the judgment or decree given in the whole case as may determine such particular issue. For example: the parties to a foreclosure proceeding who seek to establish among themselves a priority of lien. From the example given it can readily be seen that, under the statute, separate appeals may be maintained from distinct parts of a decree in equity, but it may well be doubted if such appeals lie from judgments in actions at law.

Thayer, J., in construing these sections of the statute, says: "These two provisions, taken together, seem to restrict the review to the part of the decree specified in the notice, although the latter portion of section 533 of the Code, (Hill's Code, § 543,) provides that, upon an appeal from a decree given in any court, the suit shall be tried anew upon the transcript and evidence accompanying it. This would seem to imply that the whole case would be before the appellate court for trial *de novo*, though it might be sufficient answer to repel the inference that an appeal from a part of a decree is not 'an appeal from a decree,' within the meaning of the above provision; that said provision was only intended to apply to an appeal from an entire decree. Still, I think a more satisfactory construction can be given to the provision, and make it harmonize with the view I have indicated, by construing the several provisions together, and giving effect to all of them. Under such construction the conclusion would necessarily follow that the trial of the suit anew would be confined to a trial of the case affecting the part of the decree specified in the notice

of appeal": *Shook* v. *Colohan,* 12 Or. 242 (6 Pac. 503).
The case of *Inverarity* v. *Stowell,* 10 Or. 261, was a con-
troversy between a mortgagee and subsequent lien
claimants, and it was there held that the decree, as to
the lien claimants, being severable, the plaintiff could
appeal from that part of it. "The party appealing,"
says WADE, C. J., in *Barkley* v. *Logan,* 2 Mont. 296, in
construing a similar statute, "must bring the whole
decree before the appellate court, otherwise it has no
jurisdiction to hear the case, and may specify in his
notice of appeal the portion of the decree he wishes
to reverse. He cannot sever the decree, and leave
that portion of it favorable to himself in force in the
district court, and appeal from that portion adverse to
him." So, too, in *Portland Construction Company* v. *O'Neill,*
24 Or. 58, (32 Pac. 764,) it was held that the appellant
could not have a decree in the lower court for a given
amount and here for an additional sum. An appeal
from a part of a decree must necessarily bring to the
appellate court the whole decree, and while the part
appealed from may be affirmed, modified, or reversed,
the portion not reviewed will be affirmed. The whole
cause being tried here *de novo,* a complete decree must
be rendered in this court. In actions at law this court
can review judgments only as to questions of law ap-
pearing upon the record, and when error is discovered
the cause must be remanded to the court below for
further proceedings. The reversal of a judgment nec-
essarily opens it, and if opened for one it must be for
all purpose, otherwise litigation would be interminable,
and actions tried and appeals taken piecemeal,—a re-
sult which would be contrary to the policy of the law.
Appeals in actions at law must bring up for review
the issues tried in the court below, and the answer in
the case at bar having denied all the material allega-

tions of the complaint, the judgment rendered thereon is not severable, and the plaintiff's acceptance of a part of its fruits is an acquiescence therein which bars his right of appeal: *Moore* v. *Floyd*, 4 Or. 260; *Portland Construction Company* v. *O'Neill*, 24 Or. 54 (32 Pac. 764); *Ehrman* v. *Astoria Railway Company*, 26 Or. 377 (38 Pac. 306); *Lyons* v. *Bain*, 1 Wash. Ter. 482; 2 Beach on Modern Equity Practice, § 926; 2 Endlich on Pleading and Practice, 174, and notes. It follows that the appeal must be dismissed, and it is so ordered.

DISMISSED.