Argued 16 November; decided 18 December, 1899.

## MOORES v. MOORES.

[59 Pac. 327.]

1. DISMISSING APPEAL—TERMINATION OF CONTROVERSY.—Where, pending an appeal from a decree in plaintiff's favor in a suit to quiet title, he obtained a final judgment against defendants in an action for possession, it terminated the controversy, as, under Hill's Ann. Laws, § 329, the judgment is conclusive as to the estate in the property, and the appeal will be dismissed as if the suit had been abated.

2. COSTS AS A SUBJECT OF SUIT.—The costs and expenses of a litigation do not constitute a subject of controversy that can be considered by an appellate court, so that, if the original contention has been disposed of, the appeal will be dismissed.

3. COSTS ON DISMISSING APPEAL.—When a controversy involved in an appeal is terminated by one of the parties without the other's consent, each party will pay his own costs on a dismissal of the appeal.

From Marion : HENRY H. HEWITT, Judge.

Suit by A. N. Moores against Ross E. Moores and others as joint executors of Ellen L. Moores, deceased. There was a decree in favor of plaintiff, and defendant's appeal. Plaintiff now moves to dismiss the appeal.

DISMISSED.

*Mr. John A. Carson*, for the motion.

*Mr. D. C. Sherman*, contra.

MR. JUSTICE MOORE delivered the opinion.

This is a motion to dismiss an appeal. Plaintiff commenced a suit to determine an adverse claim to lots numbered 1 and 2 and the north half of lot No. 6 in block No. 59, in the City of Salem, alleging that he was the owner in fee and in the possession thereof, and that the defendants claimed an estate or interest therein adverse to him, but that such claim was without right. The defendants, having denied the material allegations of the complaint, alleged that at the commencement of the suit, and for a long time prior thereto, they were seised in fee and in the

actual possession of said lots, and that the plaintiff was not, at the commencement of the suit, nor had he at any time been, in the actual possession of said property, or any part thereof, by himself or tenant. The answer not having set out the origin, nature, or character of the defendants' adverse interest or estate in these lots, the court below for that reason decreed, upon the pleadings, that plaintiff was the owner in fee and in the possession of the premises, and that neither of the defendants had any estate, right, title, or interest therein, from which decree they appeal.

1. It appears from plaintiff's affidavit, which is uncontroverted, that, after the appeal was perfected, defendants caused a workman in plaintiff's employ, engaged in building fences on these lots, to be arrested upon a charge of willful trespass, but upon trial he was acquitted, whereupon plaintiff commenced an action against the defendants to recover possession of the lots, and, a trial being had, judgment was given that he was the owner and entitled to the immediate possession thereof. From this judgment no appeal was taken, and, the time limited therefor having expired, and defendants having paid the costs and disbursements of the action, plaintiff's counsel contend that the judgment in the action and its satisfaction terminated the controversy in the original suit, and, this being so, the appeal presents only a moot question to be considered. In an action to recover the possession of real property the judgment therein is conclusive as to the estate in such property, and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom it is given : Hill's Ann. Laws, § 329 ; *Hill* v. *Cooper*, 8 Or. 254 ; *Barrell* v. *Title Guarantee Co.* 27 Or. 77 (39 Pac. 992). At the common law the issue tried in an action of ejectment was the right of possession only, and the judgment conferred no title upon the party

in whose favor it was given, and, not being final as to the title, it was always in the power of the party failing, whether plaintiff or defendant, to bring a new action; and this is still the rule in the absence of a statute changing it: Tyler, Ej. 592. It will be seen that our statute makes the judgment in such actions equivalent to a conveyance of the interest which the losing party had in the premises at the time the judgment was rendered, and it was admitted upon the argument of the case at bar that the defendants had not acquired any other estate since the rendition of the judgment. If, after perfecting the appeal, the defendants had voluntarily conveyed all their interest in these lots to plaintiff, it is certain that the transfer of such estate and right of possession would have terminated the controversy: *Cleveland* v. *Chamberlain*, 66 U. S. (1 Black.) 419.

It remains to be seen whether the title which plaintiff secured by coercion can be relied upon as a settlement of the controversy involved in this suit. In *Edwards* v. *Perkins*, 7 Or. 149, it was held that a party voluntarily paying a judgment rendered against him is not thereby precluded from prosecuting an appeal therefrom. The reason assigned for the conclusion there reached was based upon the fact that, unless the undertaking on appeal stipulated for the payment of the judgment, if affirmed, the respondent, notwithstanding the appeal, could enforce it, and the payment was simply another mode of effecting the purpose of such undertaking. Mr. Justice BOISE, speaking of the rights of the appellant, in rendering the decision, says, "We think he is in no worse position from having paid the judgment voluntarily than if he had settled the execution with costs." In *Plano Mfg. Co.* v. *Rasey*, 69 Wis. 246 (34 N. W. 85), it is held that, in order to justify the supreme court in dismissing an appeal on the ground that the litigation is settled by pay-

ment of the judgment, the evidence must be clear and conclusive that the payment was voluntary and with a view to such settlement. The rule is well settled in this state that, if a party voluntarily accept the benefits of a judgment or decree rendered in his favor for more than the amount conceded to be due him by the adverse party, or voluntarily complies with a mandatory judgment rendered against him, such act settles the controversy, and his appeal will be dismissed: *Portland Const. Co.*v. *O'Neil*, 24 Or. 54 (32 Pac. 764); *Bush* v. *Mitchell*, 28 Or. 92 (41 Pac. 155); *Jacksonville School Dist.* v. *Crowell*, 33 Or. 11 (52 Pac. 693).

So, too, circumstances may intervene, which, by operation of law, and without the volition of the appellant, would terminate the controversy involved in the appeal, and leave no subject-matter upon which a reversal of the judgment could operate, thereby rendering the appeal ineffectual. Thus, in *Kidd* v. *Morrison*, Phill. Eq. 31, in 1861, a suit was instituted in the trial court of Moore County, North Carolina, to cancel a deed for a slave, alleged to have been obtained by fraud. In 1863 the cause was set for hearing, and transferred to the supreme court of that state, which, in 1866, dismissed the bill as if the suit had abated, requiring each party to pay his own costs. Mr. Chief Justice Pearson, speaking for the court, in rendering the decision, says : "At the filing of the bill the slave was in the possession of the complainant, and continued in her possession up to the time of his emancipation by act of law. So that the bill presents no question in respect to profits or heirs, and the sole question made is in respect to the title. That question is now gone. It has passed away by the political death of the slave as completely as if he had died a natural death." In *State* v. *Martin*, 30 Or. 108 (47 Pac. 196), it was held that an appeal from a judgment on conviction of a crime

abates on the death of the defendant, and it cannot be prosecuted to a final determination by the personal representatives of the accused, even though the abatement leaves in force a judgment for costs, enforceable against his estate.   In *Hice* v. *Orr*, 16 Wash. 163 (47 Pac. 424), the defendant, as Mayor of the City of Tacoma, under authority of its charter, appointed on two occasions one James Wickersham as city attorney, but the council each time refused to confirm such appointment, whereupon Hice secured an alternative writ of mandate requiring the defendant to appoint at each regular meeting of the council, subject to confirmation, some qualified person as city attorney, or show why he had not done so.   A demurrer to the writ having been sustained, the proceedings were dismissed, and plaintiff appealed, pending which the defendant again appointed Wickersham, and the council confirmed the appointment.   The court, upon defendant's motion, dismissed the appeal, Mr. Justice ANDERS saying : "As the object of the proceeding has been fully accomplished, there is no longer any controversy to be determined, and the motion must, therefore, be granted.   The fact that there is no controversy between the parties to an action, or that a right involved in an action has ceased to exist, may be shown at any time before the case is decided."

2.   In the first case and the last case to which attention has been called the controversy involved in the appeal was settled without the volition of the appellant, and in the last Mr. Justice DUNBAR, while concurring in the dismissal of the appeal, did not agree with his associates in the judgment for costs which followed, saying : "If the appellant was entitled to costs if the litigation had been determined before the object of the proceeding had been accomplished, he is entitled to them now."   The judgment in the action was secured without defendant's

consent, but it is nevertheless binding upon them, and settles the controversy inaugurated by the suit and involved in the appeal, except as to the matter of costs incurred. It is settled beyond question, however, that costs alone do not constitute an actual controversy between parties litigant which an appellate court will consider : 2 Enc. Pl. & Prac. 344 ; *State ex rel.* v. *Sloan*, 69 N. C. 128 ; *State* v. *Richmond, etc. R. R. Co.* 74 N. C. 287 ; *State ex rel.* v. *Meacham*, 17 Wash. 429 (50 Pac. 52).

3. Where a controversy involved in an appeal has terminated without the consent of the appellant, it seems wrong that the costs incurred should, without his fault, be taxed against him, and the injustice of such a course is apparent from an inspection of the opinion of Mr. Justice DUNBAR, in *Hice* v. *Orr*, 16 Wash. 163 (47 Pac. 424). The settlement of the controversy having been secured by respondent's act, in which the appellants did not concur, the appeal will be dismissed as if the suit had abated ; each party to pay his own costs.

DISMISSED.