## PORTLAND *v.* SCHMID.

(161 Pac. 560.)

**Eminent Domain—Appeal and Review—Waiver of Appeal.**

1. A municipality, in condemnation proceedings to secure property for sidewalk purposes, waives its appeal from judgment fixing damages by taking and using the property pending the appeal.

**Eminent Domain—Appeal and Review—Waiver of Appeal.**

2. An appeal by a municipality from judgment in condemnation proceedings fixing damages for sidewalk property will be held waived where the city constructed the sidewalk pending appeal, notwithstanding that thereafter, on advice of the city attorney, sidewalk was removed by city.

> [As to appealable orders and judgments in eminent domain proceedings, see note in Ann. Cas. 1915D, 548.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is a condemnation proceeding by the City of Portland against Charles Schmid and others. From a judgment in favor of defendants plaintiff appeals. Respondents move to dismiss appeal. Motion allowed and appeal dismissed.

DISMISSED.    REHEARING DENIED.

In support of the motion there was a brief over the names of *Messrs. Griffith, Leiter & Allen, Messrs.*

*Latourette & Latourette* and *Mr. Ralph R. Duniway,* with oral arguments by *Mr. Harrison Allen* and *Mr. J. R. Latourette.*

*Contra,* there was a brief over the names of *Mr. Lyman E. Latourette,* Deputy City Attorney, and *Mr. Walter P. La Roche,* City Attorney, with an oral argument by *Mr. Latourette.*

Department 1. MR. JUSTICE BENSON delivered the opinion of the court.

1. This was a proceeding by the City of Portland to condemn a portion of lot 1 in block 315 for the purpose of widening Washington Street. Upon a trial the jury returned a verdict in favor of the defendants fixing the amount of damages to be recovered in excess of benefits to be derived from the improvement. A judgment was subsequently entered thereon, from which the plaintiff perfected its appeal. Thereafter the city authorities took possession of the premises, erected a sidewalk thereon, and opened the same to the public for its use. About a month later, at the request of the city attorney, the sidewalk was again set back to the old line, and the defendants now move to dismiss the appeal upon the ground that the plaintiff has forfeited its right of appeal by accepting the fruits of the judgment and entering upon and occupying the premises sought to be condemned. Plaintiff, while admitting that the pavement was laid up to the newly established line and that the sidewalk was constructed upon the premises and used by the public, insists that these acts were inadvertently performed by the city's agents and employees without authority, and that therefore the city ought not to be held to have waived its right of appeal. We do not deem it necessary to enter into any discussion of the evidence as

to this question, and it is enough to say that, in our judgment, the evidence satisfactorily discloses that the city authorized the occupation and use of the land, and that its inadvertence consisted in a failure to hold a timely consultation with its legal advisers.

2. There remains then a consideration of the question as to whether or not the taking and occupation of the land constitutes a waiver of the appeal. It may be said at the outset that it is so well established as to be regarded as elementary law that a litigant cannot accept the benefits of an adjudication and afterward appeal therefrom. Practically every state in the Union has so held, and the doctrine is sustained in this state in *Moore* v. *Floyd*, 4 Or. 260; *Portland Cons. Co.* v. *O'Neil*, 24 Or. 54 (32 Pac. 764); *Bush* v. *Mitchell*, 28 Or. 92 (41 Pac. 155); *Moores* v. *Moores*, 36 Or. 261 (59 Pac. 327); *Roots* v. *Boring Junction Lumber Co.*, 50 Or. 298 (92 Pac. 811, 94 Pac. 182); *Oregon Elec. Ry.* v. *Terwilliger L. Co.*, 51 Or. 107 (93 Pac. 334, 930); *Kellogg* v. *Smith*, 70 Or. 449 (142 Pac. 330). It is true that the money part of the judgment has not been paid, but the defendants are the only ones who might complain of this. If it had been paid, the authorities are abundant to the effect that such payment would constitute a waiver of the appeal, but it must not be overlooked that the one signal benefit sought by the plaintiff in this litigation was the right to occupy the land in controversy, which it did, and the fact that it subsequently regretted the action and removed the sidewalk could not restore its lost right: *Portland Cons. Co.* v. *O'Neil*, 24 Or. 54 (32 Pac. 764).

It follows that the appeal must be dismissed.

DISMISSED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.