Submitted on briefs on motion to dismiss appeal July 30, conditionally dismissed July 31, 1917.

Argued on merits October 10, modified and affirmed October 25, 1918.

# HODGSON *v.* MARTIN.

## HODGSON *v.* CURTIN, EXECUTOR.

(166 Pac. 929; 175 Pac. 671.)

**Appeal and Error—Deposit in Court to Avoid Forced Sale—Assignment of Deposit.**

1. Plaintiff cannot appeal from a decree declaring a lien on land in his favor, and permitting appellee to deposit with clerk of lower court money awarded so as to avoid forced sale of appellee's land if he assigns his interest in deposit to the surety on his appeal bond as indemnity, since he has no right to money deposited until he accepts it.

**Appeal and Error—Bonds—Defect—Correction.**

2. Under Section 505, subdivision 4, L. O. L., when party gives required notice of appeal and through mistake omits to file a proper undertaking therefor, permission may be granted to supply defect, and appeal will be dismissed unless that is done.

### ON THE MERITS.

**Wills—Contract to Devise Land—Construction.**

3. A contract to devise land to plaintiff, plaintiff and family to move upon land and board and lodge him, implied a condition that home given would be fairly decent and comfortable, that the food would be suitable, and treatment accorded him kind and respectful.

**Specific Performance—Contract to Devise Land—Equitable Relief—Value of Improvements.**

4. Where owner of land agreed to devise land to plaintiff in consideration that plaintiff and family would move upon the land and board and lodge him, and plaintiff moved upon land and made improvements thereon, but failed to give owner the comfortable home, good food, and respectful treatment contemplated by the contract, the court, in action for specific performance of the contract, although denying specific performance, will compensate plaintiff for the value of the improvements made, making such sum a lien upon the land.

> [As to specific performance of contract to make a will, see note in Ann. Cas. 1914A, 399.]

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

Respondent moves to dismiss appeal. Appeal conditionally dismissed.

*Mr. George Neuner, Jr.,* and *Mr. Carl Wimberly,* for the motion.

*Mr. L. B. Sandblast* and *Mr. Albert Abraham, contra.*

MOORE, J.—The defendant commenced an action of forcible entry and detainer against the plaintiffs, who having answered, showing they had no legal defense, filed the complaint herein, in the nature of a cross-bill in equity, setting forth their alleged right to the possession of the demanded premises pursuant to which they had made thereon valuable improvements and furnished the defendant board and lodging amounting in all to $1,500, no part of which had been paid.

The answer herein denies the material averments of the complaint, and for a further defense alleges that the plaintiffs' use and occupation of the land equaled the worth of the improvements thus made and the value of the board and lodging so furnished.

A reply put in issue the allegations of new matter in the answer, and the cause being tried resulted in a decree awarding to plaintiffs, as the value of the improvements, $200 and imposed that sum as a lien on the premises, which were ordered to be sold to satisfy the burden declared. A supplemental decree permitted the defendant to deposit with the clerk of the lower court the money so awarded and thus avoid a forced sale of the land. From the latter decree the plaintiffs appealed. Their undertaking therefor was also subscribed by the American Surety Company, a corporation, to indemnify which the plaintiffs assigned to it all their right to the money so left with the clerk, but this sum was not withdrawn from his custody. The

defendant's counsel move to dismiss the appeal on the ground that the assignment was an acceptance of the fruits of the decree thereby preventing an appeal therefrom.

1. The plaintiffs could have accepted the money thus deposited and relinquished all interest in the subject matter of the litigation. So, too, if the answer had admitted that $200 was due them in any event, and this sum had been voluntarily paid, they could legally have accepted the money without prejudicing their right to an appeal: *Portland Construction Co.* v. *O'Neil*, 24 Or. 54 (32 Pac. 764). The sum so deposited was not freely paid but was coerced by the decree. The plaintiffs' right to the money is not unquestioned for the final determination thus reached may be reversed or modified on appeal, so that their interest in the money may be ultimately lost or diminished and the indemnity undertaken to be given the American Surety Company rendered inadequate or valueless. The failure of the surety company to realize on the assignment in case of a reversal of the decree might not render the undertaking on appeal nugatory. But however this may be, a practice should not be sanctioned which would compel a party against his will to deposit a sum of money for the benefit of the adverse party and then allow the latter to avail himself of the deposit to enable him further to litigate the cause.

2. When a party gives the required notice of appeal and through mistake omits to file a proper undertaking therefor, permission may be granted to supply such defect: Section 550, subd. 4, L. O. L. The plaintiffs having no right to the money so deposited until the sum is accepted by them could not legally assign any interest therein, and this being so the appeal will be dismissed unless within 30 days they execute and serve

a new and sufficient undertaking in the sum originally specified and file the bond in this court.

APPEAL CONDITIONALLY DISMISSED.

---

Argued on merits October 10, modified and affirmed October 25, 1918.

ON THE MERITS.

(175 Pac. 671.)

Department 2.

For appellant there was a brief over the names of *Mr. Albert Abraham* and *Mr. L. B. Sandblast,* with an oral argument by *Mr. Abraham.*

For respondent there was a brief over the name of *Messrs. Neuner & Wimberly,* with an oral argument by *Mr. Geo. Neuner, Jr.*

McBRIDE, C. J.—This was a suit to enjoin an action of forcible entry and detainer, and to enforce a specific contract to convey a tract of land. Pending the hearing in this court defendant died and J. M. Martin, his executor, was substituted as defendant. The controversy arises out of the following facts.

3, 4. Defendant Curtin was the owner of a ten-acre tract of land in Douglas County, upon which was a small cabin and outhouse, and which was for the larger part uncleared. He was a prospector, a bachelor without family, and being desirous of having some one to take care of him and of his home, inserted an advertisement in the local papers requesting correspondence with that end in view. The advertisement was finally answered by the plaintiff, Thomas Hodgson, and it was substantially agreed by the de-

fendant that if the Hodgsons, Thomas and wife and
children, would move on the place and board and lodge
Curtin, he would convey to Hodgson the land in ques-
tion.   The particulars as to how and when the con-
veyance was to be made or to take effect were not
originally settled, but a short time after the Hodg-
sons came upon the place, pursuant to the invitation
held out by defendant, it was settled that Curtin
should make a will devising to Hodgson the land in
question, so that as to the method of conveyance it
may be said that the final agreement of the parties
was that it should be by will, thus leaving the legal
title in the defendant during his lifetime.

The evidence shows that Hodgson, his wife and
family, and his brother William, to whom Thomas
Hodgson assigned a half interest in the land, came
upon the premises and did considerable improvement
work, thus increasing the value thereof to an extent
variously estimated by witnesses from $200 to $1,000,
but found by the court to be $200.   The sleeping ac-
commodations became overcrowded, and defendant
occupied a bed in an outbuilding with William Hodg-
son, to whose habits in respect to cleanliness and
decency defendant had strong objections.   The family
consisted of Hodgson, his wife, brother, and four
children, and later a fifth child was born, and still
later James Bennett, a brother of Mrs. Hodgson, came
and lived with the family part of the time.   The house
consisted of a living-room, kitchen and one bedroom,
and a cabin adjoining which was large enough for a
bedroom and used as such by defendant and William
Hodgson.   We are satisfied from the testimony the
conditions about the house were very unsanitary and
were unbearable to a person of defendant's cleanly
habits; that the cooking and board furnished were not

suitable to his condition of health, and that neither Thomas Hodgson nor his wife exerted themselves to make the place a comfortable home for defendant in his old age. This may have been owing to the fact that Thomas Hodgson was partially blind and his wife burdened with the care of a family of young children, or to habits of living that rendered them incapable of appreciating the necessity of cleanly and sanitary surroundings, but from whatever cause the conditions may have arisen we are satisfied defendant was compelled by the conditions above alluded to, to leave the premises and build himself a sleeping-cabin away from the intolerable conditions existing in the place which had been his home. The condition that he was to have a home and board during his lifetime with the plaintiff and his family necessarily implied that the home should be fairly decent and comfortable, and the food purchased should be suitable to his age, health and condition, and that he should be respectfully and kindly treated. As to the first two we do not think they came up to the standard above indicated, and as to the third we think Thomas Hodgson was disposed to quarrel and resent the reasonable remonstrances of defendant as to cleanliness in the household. Giving to the agreement all the definiteness which plaintiff claims for it, and not passing upon the question as to whether it was ever reduced to such certainty that a decree for specific performance could be predicated upon it, we are convinced it was not carried out by plaintiff, Thomas Hodgson, in the spirit in which it was understood by the parties when it was entered into. On the other hand we are of the opinion that plaintiffs' labor upon the lands and the services rendered by him and his wife and others at his request, have considerably en-

hanced the value of the property, and in view of all
the circumstances it would be inequitable to allow
defendant, or rather his executor, to have the benefit
of this improvement without compensation. The
court below took this view of the case and fixed the
amount of such compensation at $200, making that
sum a lien upon the land. We consider this estimate
rather below the amount indicated by the testimony
and we increase the amount to $300. Neither party
will recover costs in this court, and the decree as
above modified will be affirmed.

MODIFIED AND AFFIRMED.

BEAN, JOHNS and OLSON, JJ., concur.