Submitted on briefs December 11, 1923, reversed February 26, motion to dismiss submitted May 28, former judgment annulled and appeal dismissed July 8, 1924.

# B. H. GRAVES v. STATE INDUSTRIAL ACCIDENT COMMISSION.

### (223 Pac. 248.)

**Master and Servant—Proceeding for Additional Compensation Distinct Proceeding for Purpose of Appeal.**

1. Though a proceeding under the Workmen's Compensation Act for additional compensation depends on whether or not an original application has been filed within three months after the date of the injury, nevertheless it is a distinct proceeding from a decision in which an independent appeal may be taken to the Circuit Court in the county where the claimant resides.

**Master and Servant—Appellate Tribunal in Proceedings for Additional Compensation Determined by Place of Claimant's residence.**

2. Though proceedings for additional compensation may be supplemental to the original, the selection of the appellate tribunal in such proceedings is controlled by the place where the claimant resides at the time of appeal.

**Master and Servant—Strict Compliance With Statute Essential to Appellate Jurisdiction in Proceedings for Additional Compensation.**

3. Proceedings for additional compensation under Section 6632, Or. L., and the right of review under Section 6637, as amended by Laws of 1921, page 583, Section 10, being purely statutory, the claimant must conform to the statute in order to give the appellate tribunal jurisdiction.

**Master and Servant—Appeal in Proceeding for Additional Compensation Subject to Dismissal Because Taken to Wrong County.**

4. Where a claimant of additional compensation at the time of the appeal from an unsatisfactory award resided in another county than that in which the injury occurred, an appeal to the Circuit Court of the county of the injury did not confer jurisdiction under Section 6637, Or. L., as amended by Laws of 1921, page 583, Section 10, and the Circuit Court should have dismissed the appeal.

See Workmen's Compensation Acts, p. 132 (1925 Anno.).

For authorities discussing questions relating to right and extent of review of findings of commission within meaning of Workmen's Compensation Acts, see note in L. R. A. 1917D, 186.

On time within which notice must be given or claim made for compensation or other steps taken, within meaning of Workmen's Compensation Acts, see notes in L. R. A. 1917D, 138, and L. R. A. 1918E, 559.

**Master and Servant—Acceptance of Compensation Award Precludes Appeal.**

5. Where the Industrial Accident Commiss'on forwarded to claimant a check for the amount found to be due him, together with a statement of its decision reciting that it was in full of any and all claims arising out of his injury, the claimant, after accepting the award and cashing the check, cannot appeal on the ground that the award was insufficient.

**Master and Servant—Appeal in Proceedings for Additional Compensation Subject to General Rules of Law Where Applicable.**

6. Proceedings under the Workmen's Compensation Act for additional compensation being at least *quasi* judicial in character, the decision therein, being expressly appealable, is subject to the general rules of law relating to appeals where applicable.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

REVERSED. FORMER JUDGMENT ANNULLED AND APPEAL DISMISSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

For respondent there was a brief over the name of *Mr. B. A. Green.*

BURNETT, J.—We are informed by the record that an injury happened to the claimant on May 8, 1922, while in the service of an employer subject, the same as he was at the time, to the operation of the workman's compensation law. On July 7th, the Industrial Accident Commission considered his claim, found that he was entitled to payment as compensation in the sum of $119.07, that he had been paid $86.19, and allowed him a balance of $32.88 "in full settlement for any and all claims arising out of such injury as above listed on the records of the State Industrial Accident Commission."

The accident happened in Multnomah County and after the allowance of July 7, 1922, the claimant took up his residence in Marion County. Later on, it seems, although there is no written application in the record, that he applied to the commission for additional compensation. That body reopened his case on March 8, 1923, and made an additional allowance and, after deducting payments already made, arrived at a balance allowed to him in the sum of $235.83 stating as before that it was made in full settlement of any and all claims arising out of such injury. It forwarded to the claimant a statement of its decision attached to which was a check for the balance last named. The claimant detached the check and cashed it; and afterwards, on March 16th, gave notice of appeal to the Circuit Court of Multnomah County although at the time he resided in Marion County.

On April 23, 1923, the cause was tried before a jury which rendered a special verdict in favor of the claimant. At the hearing the state, through the Attorney General, moved to dismiss the appeal on the grounds, among others, "1. That said court is without jurisdiction herein by virtue of the nonresidence of the said claimant in Multnomah County; 2. That the acceptance of the award of the commission in its final action is the renunciation of the right to appeal therefrom." The motion was denied and judgment was entered remanding the case to the commission for payment of additional compensation; hence the present appeal.

Section 6637, Or. L., as amended by the act of February 26, 1921, Laws 1921, Chap. 311, § 10, reads in part as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction but any beneficiary not satisfied with the de-

cision or findings of said commission may, within 60 days after notice of the final action of such commission, appeal to the circuit court of the state of Oregon for the County in which such claimant resides."

The right to reopen the claim and allow additional compensation or to rearrange same depends upon the following excerpts from § 6632, Or. L.

"(c) If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor * * ''

"(e) The power and jurisdiction of the commission shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified."

1–4. As determined in *Chebot* v. *State Industrial Acc. Com.*, 106 Or. 660 (212 Pac. 792), the proceeding for additional compensation depends upon whether or not an original application had been filed within three months after the date on which the injury occurred upon which an allowance had been made. Nevertheless, it is a proceeding with a distinction and individuality all its own from a decision in which an independent appeal may be taken to the Circuit Court of the county in which the claimant resides. The selection of the appellate tribunal in this new and distinct proceeding, supplemental though it may be, in a sense, to the original, is controlled by the place in which the claimant resides at the time he appeals. Out of the mouth of the claimant himself, while testifying as a witness, comes the statement that he resides in Marion County and was residing there at the time he took the present appeal. The plain reading of the statute delineates the measure of his right to appeal and, it being a statutory proceeding, he must conform to the directions thereof in order to

give the appellate tribunal jurisdiction of his cause. The Circuit Court of Multnomah County clearly was without jurisdiction to hear his appeal and should have dismissed the same.

5, 6. More important, however, is the proposition that having accepted the award made in pursuance of the decision of the commission after an additional and supplementary hearing allowing him a balance of $235.83 as stated, "in full settlement for any and all claims arising out of such injury," by cashing the check sent him in payment thereof, he cannot appeal from that decision. The design of the legislation creating an Industrial Accident Commission and describing its functions was to take from the courts the decision of various and vexing questions arising out of injuries to workmen, incurred in employment. In fact, a new and special tribunal was established for the decision and adjustment of such cases. Written large throughout the act creating the commission are indications that it is vested with at least *quasi*-judicial powers. An illustration is found in the language of Section 6632 already quoted about the continuing "power and jurisdiction of the commission." Again we find in Section 6637 language ascribing to the commission "full power and authority to hear and determine all questions within its jurisdiction" and giving to a dissatisfied claimant the right to appeal to the Circuit Court of the county of his residence. If these decisions are not judicial in their nature and so intended to be by the legislative power, it is not likely that their consideration on appeal would have been vested in such purely judicial bodies as Circuit Courts. By the same section, the court reviews the decision of the question as it would in any other judicial determination of a question at issue between

parties. It is clear, therefore, that the decision of the commission, being expressly appealable, is subject to the general rules of law relating to appeals where applicable.

As settling this question of whether one can accept the benefits of a judgment or judicial determination of a question, and at the same time appeal therefrom, it is enough to quote what was written by the late Mr. Justice Benson in *Portland* v. *Schmid,* 82 Or. 465, 467 (161 Pac. 560):

"It may be said at the outset that it is so well established as to be regarded as elementary law that a litigant cannot accept the benefits of an adjudication and afterward appeal therefrom. Practically every state in the Union has so held, and the doctrine is sustained in this state in *Moore* v. *Floyd,* 4 Or. 260; *Portland Cons. Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764); *Bush* v. *Mitchell,* 28 Or. 92 (41 Pac. 155); *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327); *Roots* v. *Boring Junction Lumber Co.,* 50 Or. 298 (92 Pac. 811, 94 Pac. 182); *Oregon Elec. Ry.* v. *Terwilliger L. Co.,* 51 Or. 107 (93 Pac. 334, 930); *Kellogg* v. *Smith,* 70 Or. 449 (142 Pac. 330)."

The claimant has cited several cases to the effect that one to whom money is due may accept from his debtor an amount which the latter says is all that is due and yet sue for the balance. It is not necessary to go into an inquiry on such matters for they do not apply to the present contention. It is not apparent from the record how much, if anything, the claimant demanded from the commission. All we find therein is that, being dissatisfied with the decision, he appealed. Again, the commission did not owe him anything. That body will be neither richer nor poorer; neither will the assets of any member of the commission be increased or diminished by the result of the

decision.  It is not a question between debtor and creditor.  It is purely a question of the claimant appealing from the decision of a tribunal which is not satisfactory to him.  The case presented is not one in which the court can say that as of course the defendant is entitled to the amount allowed at all events with possibility of a greater allowance dependent upon whether the case should be reversed.  Having accepted the amount adjudicated in his favor, thus availing himself of the benefits of the decision, he cannot prosecute an appeal for the purpose of overturning it.

On both grounds, therefore, the judgment should have gone against the claimant for he had appealed to the wrong Circuit Court and he had undertaken to appeal from a judgment, the fruits of which he had appropriated.  The judgment of the Circuit Court is reversed.

REVERSED.  FORMER JUDGMENT ANNULLED AND APPEAL DISMISSED.