Argued March 8, reversed March 15, rehearing denied April 12, 1927.

BERTHA BERGERSON v. STATE INDUSTRIAL
ACCIDENT COMMISSION.

(253 Pac. 1052.)

**Master and Servant—Appeal Could not be Taken from Order of Industrial Accident Commission After Expiration of Limitation in Force at Time of Order (Or. L., § 6637, as Amended by Laws 1921, p. 564, § 10, and § 6636—1, as Added by Laws 1925, p. 189, § 7).**

1.   Circuit Court had no jurisdiction to entertain appeal from award of Industrial Accident Commission, taken more than one year after notice of commission's final order, where Section 6637, Or. L., as amended by Laws of 1921, page 564, Section 10, in force at time of order, limited time for appeal to sixty days after notice, despite subsequent amendment of Section 6636—1, Or. L., as added by Laws of 1925, page 189, Section 7, providing for applications to commission for rehearing.

**Master and Servant—Action of Industrial Accident Commission must be Concurred in by Two or More Members.**

2.   Industrial Accident Commission, being composed of three members, has no authority to act; unless action is concurred in by two or more members.

**Master and Servant—Court will not Go Outside Industrial Accident Commission's Record to Determine Whether Order is, in Fact, Final.**

3.   Where Industrial Accident Commission considered action taken on claim to be its final action, court would not, in absence of anything in record showing subsequent proceedings, consider matters outside commission's own record to determine whether order was, in fact, final action of commission.

---

3.   See 28 R. C. L. 828.

Master and Servant—Review of Decisions of Industrial Accident
Commission is Limited by Statute.

4. Power of courts to review decisions of Industrial Accident
Commission in its final disposition of pending claims is limited to
powers expressly conferred by statute.

Master and Servant—Statutes Permitting Application for Rehear-
ing Before Industrial Accident Commission and Appeal There-
after Held not Retroactive (Or. L., § 6636—1, as Added by
Laws 1925, p. 189, § 7, and § 6637, as Amended by Laws 1925,
p. 189, § 8).

5. Section 6636—1, Or. L., as added by Laws of 1925, page 189,
Section 7, and Section 6637, as amended by Laws of 1925, page 189,
Section 8, providing for application for rehearing after order of In-
dustrial Commission and for appeal within thirty days after decision
on such application, *held* not to apply to claims on which order
had been made and time for appeal had expired before statutes
became effective.

Workmen's Compensation Acts, C. J., p. 114, n. 12 New, p. 119,
n. 6, p. 120, n. 15 New.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 1.

On June 24, 1924, Chas. S. Richards sustained acci-
dental personal injuries from which he died four days
thereafter. At the time of his injury he was in the
employ of H. E. Lutz at Portland, Oregon, and was
injured in the course of his employment and at said
time both he and his employer were subject to the
Workmen's Compensation Act.

On July 16, 1924, Bertha Bergerson, a sister of the
decedent, hereinafter designated as plaintiff, filed in
the office of the Industrial Accident Commission a
claim for compensation, claiming that at the time of
the accident she was dependent upon decedent for her
support. After hearing the claim the Commission on
October 31, 1924, found and held that plaintiff was
not dependent upon decedent for her support in whole
or in part, and upon that ground rejected the claim.

Notice thereof was mailed to plaintiff by registered letter, and on November 4, 1924, she acknowledged receipt thereof in writing. On November 19, 1924, Mr. Dan E. Powers, who was then acting as attorney for plaintiff, wrote a letter to the Commission requesting that the letter be referred to Mr. Marshall, one of the members of the Commission, and stating in effect that he desired to talk to Mr. Marshall personally concerning plaintiff's claim whenever Mr. Marshall should come to Portland. On November 25, 1924, Mr. Marshall acknowledged receipt of said letter and stated that he hoped to arrange to take up the matter with Powers in the course of several days. According to the records of the State Industrial Accident Commission, nothing further was done in connection with this claim until December 12, 1925, at which time plaintiff called an assistant claim agent of the Commission and had some conversation with him over the telephone relative to her claim, but what that conversation was is not disclosed by the record. In an affidavit filed by Mr. Marshall in the Circuit Court he stated that he informed Mr. Powers that the claim had been finally disposed of on October 31, 1924, and that no further action thereon would be taken by the Commission.

On December 20, 1925, plaintiff wrote a letter to the Commission containing certain statements concerning her dependency and in anwser thereto on December 23, 1925, the Commission wrote her as follows:

"Referring to your letter of December 20, addressed to Commissioner Marshall, this is to advise that the commission is not inclined to further consider your claim in connection with the above named case. The order of the commission of October 31, 1924, copy

of which was sent to you, is the final action of the board.''

On January 27, 1926, Mr. Frank E. Manning wrote the Commission on behalf of plaintiff, claiming that after the rejection of plaintiff's claim on October 31, 1924, the matter had been opened up and witnesses had been examined by the Commission before the Commission's letter of December 23, 1925, and that after that date the Commission had made further investigation and had returned to plaintiff certain papers she had left with them, and stated that in view of the fact that the case had been opened up on rehearing twice, he would like to have an order made setting forth the conclusion of the board on the last rehearing. On January 29, 1926, the Commission wrote him that there was no further order to be made in the case and that ''final action was taken by the commission on this claim by its findings of fact and conclusions of law as the date of October 31, 1924.''

On February 4, 1926, the plaintiff wrote a letter to the Commission stating she had some new witnesses and had found some important receipts and an old account-book of her deceased brother and requested the Commission to grant a rehearing of her claim on February 6th. On February 5, 1926, the Commission wrote her stating: ''Final action was taken on your claim by the findings of facts and conclusions of law issued by the commission under date of October 31, 1924, and the commission will take no further action at this time.'' On February 7, 1926, plaintiff wrote a letter to Mr. Marshall setting forth what she expected to prove, and on February 10, 1926, the Commission again wrote her: ''There is no further action to be taken on your case, as the commission definitely closed this matter by its findings and final action of

October 31, 1924." On February 11, 1926, plaintiff again wrote the Commission setting forth in detail certain alleged facts concerning her dependency, but so far as the records show no reply thereto was made. Some time thereafter plaintiff appealed to the Circuit Court for Multnomah County, but the record of such appeal is not before us and therefore we are unable to state the date when the appeal was taken.

Upon motion of the attorney general, plaintiff's appeal was dismissed on April 16, 1926, and thereafter and at a subsequent term of that court on August 24, 1926, on motion of plaintiff, the appeal was reinstated and a judgment was entered in favor of plaintiff reversing the action of the State Industrial Accident Commission and directing that the Commission fix the compensation of plaintiff in accordance with the findings of the court and from this judgment the Commission has appealed, contending that the appeal to the Circuit Court from the final order of the Commission was not taken within the time fixed by the statute.    ·                              REVERSED.

For appellant there was a brief and oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief and oral argument by *Mr. Harry G. Hoy.*

RAND, J.—1. The statute in force on October 31, 1924, governing appeals from the final orders of the State Industrial Accident Commission, Section 6637, Or. L., as amended by Section 6, Chapter 311, Laws of 1921, provided:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, but any beneficiary not satisfied with the

decision or findings of said commission, may, within sixty days after notice of the final action of such commission, appeal to the circuit court of the state of Oregon for the county in which such claimant resides.''

The statute as it then existed contained no provision as at present providing for a rehearing, and expressly limited the right of appeal from the final order of the Commission to sixty days ''after notice of the final action of such commission.'' Notice was given plaintiff and she acknowledged receipt thereof on November 4, 1924, and under the express directions of the statute, her right to appeal expired January 3, 1925. No appeal was taken for more than one year after the expiration of the time in which an appeal could be taken if the findings and conclusions made by the Commission on October 31, 1924, followed as it was by an order rejecting plaintiff's claim, was the final order of the Commission upon said claim. The letter written by Mr. Powers and the letter by Mr. Marshall to Mr. Powers in reply thereto, we think had no effect upon the finality of the order made on October 31st. No subsequent order in respect to plaintiff's claim was ever made by the Commission and so far as the Commission is concerned, the matter was definitely and finally disposed of by its order of October 31st.

2–4. The Commission is composed of three members, and upon all matters requiring the decision of the board the Commission has no authority to act, unless the action is concurred in by two or more of its members. Mr. Marshall in his affidavit filed in the Circuit Court in support of the motion to dismiss the appeal, states positively that he informed Mr. Powers that no further action upon the claim would be taken

by the Commission. We are unwilling to go outside of the record made by the Commission and to give any consideration to matters *aliunde* the Commission's own record. The power of the courts to review the decisions of the Commission in its final disposition of pending claims is limited to the powers expressly conferred by the statute, and there is no provision of the statute giving the courts power to go outside of the record of the Commission for the purpose of determining when an order of the Commission, which on its face appears to be a final order, was or was not final. It is clear that the Commission at all times considered the action taken on October 31st to be its final action, and nothing appearing upon its record shows or tends to show that the Commission ever treated its order of October 31, 1924, as anything except the final order of the Commission which finally and definitely disposed of the claim, and since no appeal was taken therefrom within the time limited by the statute, the Circuit Court for Multnomah County had no jurisdiction to take any action in the matter, except to dismiss the pretended appeal.

5. It is true that the legislature, by Chapter 133, Laws of 1925, has since amended the statute by an amendment of Section 6637, Or. L., by adding an additional section to the act designated as 6636—1, Or. L., but nothing contained in either of these amendments affects plaintiff's right to appeal in the instant case.

Section 6636—1 provides:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction. Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of

the commission. Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant.

"Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such rehearing is sought other than those specifically set forth in such application for rehearing.

"If the commission in its opinion, has previously fully considered all matters raised by such application it may deny the same and confirm its previous decision or award or if the evidence on file with the commission sustains applicant's contention it may allow the relief asked in such application; otherwise it shall order a rehearing to decide the issues raised. If a rehearing is granted the commission shall consider all facts, including those arising since making the order, decision or award involved, and shall enter such order as the facts and law shall warrant.

"An application for rehearing shall be deemed to have been denied by the commission unless it shall have been acted upon within thirty days from the date of filing; provided, however, that the commission may, in its discretion, extend the time within which it may act upon such application, not exceeding thirty days."

Section 6637 as amended now provides:

"Within thirty days after the copy of the final order of the commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied

under section 6636—1, claimant may appeal to the Circuit Court for the county in which the accident occurred, but upon such appeal may raise only such issues of law or facts as were properly included in his application for rehearing. * * The case thereafter shall proceed as other civil cases in said court; provided, that either party thereto may demand a jury trial upon any question of fact, * *.

"The commission shall file with the court before trial a certified copy of the application for compensation and any application for rearrangement of compensation, application for rehearing, together with all reports, and all findings, orders, awards and decisions of the commission, which shall upon being so filed become a part of the records in such case.

"If the court shall determine that the commission has acted within its power and has correctly construed the law and facts the decision of the commission shall be confirmed; otherwise it shall be reversed or modified; provided, however, that in case of any trial of fact by a jury the court shall be bound by the decision of the jury as to the question of fact submitted to it."

It is clear from the reading of Section 6636—1 that the legislature did not intend for the act to be retroactive in its operation, and hence since the time for taking an appeal had expired before Section 6636—1 and Section 6637 had gone into effect, they not having gone into effect until ninety days after February 26, 1925, those sections have no application to this case. But even if they had been applicable, the whole testimony shows that plaintiff took no steps to bring herself within the provisions of Section 6636—1 and therefore the appeal comes too late.

For these reasons it will be unnecessary to consider the power of the court to change its decisions at subsequent terms of the court as is claimed to have been done by the attorney general in his argument here.

For the reasons stated, the judgment is reversed and the cause will be remanded to the court below, with directions to dismiss the appeal and dismiss the cause, and it is so ordered.        REVERSED AND REMANDED.

BURNETT, C. J., and McBRIDE and COSHOW, JJ., concur.