Argued March 30; reversed April 18, 1933

# SEVICH *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(20 P. (2d) 1085)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief) for appellant.

*I. G. Ankelis,* of Portland (W. H. Fitzgerald, of Portland, on the brief), for respondent.

CAMPBELL, J. On August 5, 1931, plaintiff filed a claim with the State Industrial Accident Commission for compensation arising out of the death of her husband, Joe Sevich, whom she claims was killed in an industrial accident, while working under the Workmen's Compensation Law. On August 12, 1931, defendant made an order rejecting this claim and thereafter, within the time required by law, plaintiff filed a petition for a rehearing, which petition was denied on September 28, 1931. On that date, September 28, 1931, defendant mailed plaintiff a true copy of said order, by depositing the same in the United States postoffice at Salem, Oregon. On October 29, 1931, plaintiff filed her notice of appeal and complaint in the circuit court for Multnomah county and on the same day mailed a copy thereof to defendant by depositing the same in the postoffice at Portland, Oregon, which was received by defendant at Salem, Oregon, on October 30, 1931.

Defendant filed a motion to dismiss plaintiff's appeal on the ground that the circuit court did not have jurisdiction of the case for the reason that plaintiff did not perfect her appeal within the time required by statute. This motion was denied. Defendant thereupon filed an answer alleging the facts as above set out. These facts were admitted in the reply.

At the trial of the cause, defendant moved for a judgment on the pleadings in favor of defendant and for a dismissal of the action on the ground that the circuit court did not have jurisdiction to try the case for the reason that the appeal was not taken within the time required by statute, which motion was denied.

The cause was tried to a jury which returned a verdict for plaintiff. Defendant appeals.

■■ The only question presented in this case is, did the respondent perfect her appeal within the time required by statute?

"Within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the circuit court  *  *  *. Such appeal shall be perfected by filing with the clerk of the court a notice of appeal in the form of a complaint as provided in civil actions at law, and by serving a copy thereof by registered mail on the commission". Oregon Code 1930, § 49-1843.

It will be observed the statute requires the filing of a notice of appeal in the form of a complaint and by serving a copy thereof by registered mail on the commission. Both of these acts must be done, that is, the complaint must be filed and served within the thirty days in order to give the circuit court jurisdiction.

"In case of service by mail, the copy may be deposited in any postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service shall be deemed to be made on the first day after the deposit in the postoffice that the mail leaves the place of deposit for the place of address, and not otherwise". Oregon Code 1930, § 7-404.

This court has held in computing time on appeals from the circuit court to this court that:

"The method of computing time within which a notice of appeal should be filed and served may be said to have been in a state of uncertainty until the case of United States Nat. Bank v. Shefler, 77 Or. 579 (143 P. 51, 152 P. 234), in which case it was held by this court though not without dissent, that the day following the entry of a judgment was to be excluded in the computation of time". In re Andersen's Estate, 101 Or. 94 (188 P. 164, 198 P. 236); Steeves v. Steeves,

139, Or. 261 (9 P. 2d 815); Re Application of Riggs, 105 Or. 531 (207 P. 175, 1005, 210 P. 217); Boothe v. Scriber, 48 Or. 561 (87 P. 887, 90 P. 1002); Pringle Falls Power Co. v. Patterson, 65 Or. 474 (128 P. 820, 132 P. 527).

Using the above liberal rule which excludes the day following the mailing of the order rejecting the petition for rehearing, then the 29th of October, 1931, was the last day in which respondent could have perfected notice of appeal.

■ Respondent contends that the provisions of § 49-1843, Oregon Code 1930, relating to the number of days in which one must perfect his appeal is unconstitutional because it denies to persons within the jurisdiction of the state of Oregon the equal protection of the laws. Her theory is that a claimant for compensation before the State Industrial Accident Commission, living near the state capital, has a greater length of time in which to perfect an appeal than one living more remote, on account of the difference in mail time. This contention could be applied with equal force to almost every conceivable activity which brings the citizen into contact with the functions of government located at the state capital.

It is impossible for the law to take into consideration all conditions and circumstances affecting each individual; it must be satisfied at having attained a generally equitable application of broad principles. "The law is not concerned with trifles".

The circuit court did not obtain jurisdiction to try the cause. The judgment of the circuit court will be reversed and the cause remanded with instructions to dismiss the action.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.