Argued September 24, reversed October 25, 1976

STEVENS, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Appellant.*
(No. 420-887, CA 6727)

555 P2d 480

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Nick Chaivoe,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

State Accident Insurance Fund (SAIF) appeals from a denial of its motion to dismiss an appeal by claimant to the circuit court.

On September 19, 1975, claimant petitioned the circuit court for review of an order of the Workmen's Compensation Board dated August 22, 1975. Claimant mailed copies of the petition to the Board, SAIF and the employer. Claimant did not send copies of the petition by certified or registered mail as required by ORS 656.298(3). According to the record the Board failed to receive its copy of the petition and was not actually served until March 11, 1976, well after the 30-day limit provided for in ORS 656.295 and 656.298.

SAIF moved to dismiss the petition based on failure to properly serve notice of appeal on the Board, citing *Zandbergen v. Johnson,* 24 Or App 151, 544 P2d 587 (1976). The circuit court denied SAIF's motion, ruling that there had been "substantial compliance" with the procedure for filing a request for judicial review.

In *Zandbergen* we held that the mailing of the notice of appeal to the Board is a jurisdictional prerequisite to judicial review. If a statute calls for notification by registered or certified mail, notification by regular mail is ineffective unless it is actually received. *See, Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972). Unlike *Stroh,* the record in the case at bar shows that the Board did not receive the September 19, 1975 mailing.

Reversed.