Argued and submitted August 1, accused reprimanded September 7, 1983

In the Matter of the Compensation of
Jimmy Mathis, Claimant.

## MODOC LUMBER COMPANY,
*Petitioner on review,*

*v.*

## EBI COMPANIES,
*Respondent on review.*

(WCB No. 81-00162; CA A26576; SC 29514)

668 P2d 1225

Douglas S. Parker, Portland, argued the cause and submitted briefs for petitioner on review. With him on the briefs were Jonathan T. Harnish, and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Emil R. Berg, Portland, argued the cause and submitted briefs for respondent on review. With him on the briefs was Griffith, Bittner, Abbott & Roberts, Portland.

PER CURIAM

## PER CURIAM

The Court of Appeals dismissed petitioner's appeal from an order of the Workers' Compensation Board for lack of a proper showing that the notice of appeal had been timely mailed. ORS 19.028. Petitioner sought reinstatement of the appeal by offering proof in the form of an affidavit of counsel accompanied by a written statement of the postmaster, but the court declined to reinstate the appeal. We allowed petitioner's petition for review because the requirements of the relevant statutes have not previously been decided and are of obvious practical importance to the appellate practice.

A notice of appeal must be "filed within 30 days after the entry of the judgment appealed from," ORS 19.026(1), and filing within that period "is jurisdictional and may not be waived or extended." ORS 19.033(2). A 1979 statute, however, was enacted to facilitate notices of appeal and petitions for review by mail. ORS 19.028 provides:

> "Filing a notice of appeal or petition for review in an appeal or petition for review to the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice or petition shall be the date of mailing, provided it is mailed by registered or certified mail and the appellant has proof from the post office of such mailing date. Inclosure with the mailed notice of the appropriate filing fee shall be considered timely deposit of that fee. Proof of mailing shall be certified by the appellant and filed thereafter with the court to which the appeal is taken."

Under this section, filing is accomplished on "the date of mailing" on two conditions: one, that the mailing be by "registered or certified mail" and two, that the appellant "has proof from the post office of such mailing date." The proof of mailing in turn must be certified and filed "thereafter" with the court, but the statute does not expressly make this, too, a condition of a valid filing by mail.

According to an affidavit accompanying petitioner's motion to reinstate the appeal, petitioner's counsel mailed a notice of appeal to the Court of Appeals by certified mail on November 29, 1982, the last possible date for filing the notice. The envelope containing the notice was dated by the law firm's postage meter as November 29, 1982, and had affixed to it two post office forms used for certified mail and for securing a

return receipt, but the envelope was placed in the mail without being taken to the post office for a date stamp on the receipt portion of the certified mail form. The notice of appeal reached the Court of Appeals the following day, November 30. The motion for reinstatement also attached a letter from the postmaster in Portland, Oregon, stating that the letter must have been mailed no later than November 29 in order to have reached Salem on November 30.

In opposition to the motion for reinstatement, respondent argued that the evidence described above did not constitute "proof from the post office of such mailing date" within the meaning of ORS 19.028. The Court of Appeals denied the motion for reinstatement without opinion.

On review, petitioner makes several arguments, which we take up in turn. First, it contends that compliance with ORS 19.028 is not jurisdictional because that section is not among those listed as jurisdictional in ORS 19.033. But what ORS 19.033 makes jurisdictional is the filing of notice "within 30 days after the entry of the judgment," ORS 19.023, 19.026, and mailing is only a way to accomplish the filing. Petitioner also cites ORS 19.033(3), which allows an appeal dismissed on the court's own motion to be reinstated upon a showing of good cause, but petitioner neglects to note that this subsection applies only to steps omitted "[a]fter the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause."

Petitioner also suggests that substantial compliance with the mailing procedure should suffice because the statute is imprecise and did not give clear notice that the only acceptable proof would be a date-stamped postal form obtained at the time of mailing. This combines two arguments. Insofar as the argument is that substantial compliance generally would suffice, the legislative specification of compliance as "jurisdictional" leads us to reject it. The contention that the statute leaves the permissible means of compliance uncertain until clarified by the court has more substance. The statute does not specify a required form of "proof from the post office." There is an inherent risk in using such terms as "registered or certified mail" in a state statute of indefinite duration, because post office practices or even the use of those terms themselves may be changed at any time. Even if one were to assume that by

"proof from the post office" the legislature meant the particular forms in use when ORS 19.028 was enacted, the phrase could not be limited to those particular forms without vitiating the statute if post office practice or terminology were to change. As that result is not an evident legislative purpose, the statute does not unambiguously require proof only by means of the date-stamped Postal Form 3800 presently in use.

Mailing by registered or certified mail satisfies the filing deadline if the appellant "has" the required proof from the post office. This proof must be "certified by the appellant and filed thereafter with the court." Literally, the word "thereafter" appears to mean "after being certified by the appellant," though this hardly needed saying. We understand the phrase "has proof" to refer to the time of mailing, but again it is not inconceivable that a party might read the statute to mean that the party must have the proof of mailing "thereafter" when it certifies the proof and files it with the court.

Petitioner claims to have been surprised by the court's decision that only a dated receipt from the post office would satisfy ORS 19.028, because the Postal Service itself provided petitioner's counsel both with the postal metering machine which leaves a dated post-mark and with the forms for certifying mail. Petitioner notes that postal regulations require actual mailing on the date printed by the postage meter. 39 CFR § 111.1 and 111.5(a)(4)(iv) (1982), incorporating *Domestic Mail Manual,* § 144.471 (Issue 12, 6-2-83). Respondent answers that the setting of postage meters in private offices is not controlled by Postal Service personnel and that this way of dating the mailing of certified mail is not tamperproof. Respondent also argues that proof in the form of affidavits or statements from postal personnel would be unreliable as well as a burden both on the Postal Service and court staff, but these are prudential arguments that do not necessarily preclude such affidavits from being "proof from the post office."

We conclude that although it is easy to comply with ORS 19.028 by having a receipt for certified or registered mail date-stamped at the post office, the precise legal requirements of compliance are sufficiently uncertain that they should be clarified by the Oregon Rules of Appellate Procedure. Pending promulgation of the rule, this opinion serves to advise litigants

to follow that simple procedure. Meanwhile, we face the question what to do with the present case. Because it is not clear that the statute of its own force requires this procedure nor that the actual date of mailing cannot be "thereafter" shown by "proof from the post office" obtained after mailing, we hold that the present appeal should be reinstated. This holding will not serve to justify any similar ex post facto proof of the date of any filing made after the effective date of a rule of appellate procedure on the point.

Dismissal reversed with instructions to reinstate the appeal.