On petitioner's motion to reinstate petitioner's appeal filed September 20, motion to reinstate appeal denied November 9, 1983

SAY,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES
DIVISION,
*Respondent.*

(2-1501-G0C031-2; A28666)

671 P2d 702

Debra F. J. Lee, Jackson County Legal Services, Medford, for the motion.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

This matter is before the court on petitioner's motion to reinstate her appeal, which was dismissed as untimely.

The order appealed from was mailed on April 19, 1983. The petition for judicial review was filed more than 60 days later, on June 21, 1983. ORS 183.482(1). Therefore, unless the petition was mailed by registered or certified mail within 60 days of the date of mailing of the order appealed from, in accordance with ORS 19.028, it was filed late.

Although counsel for petitioner now asserts that the petition was mailed on June 17, 1983, and submits the affidavit of a postal clerk that mail addressed to the "Clerk of the Court of Appeals" was certified by her for petitioner's counsel on June 17, 1983, the affidavit does not say that the mail was accepted or deposited for mailing on that date,[1] and counsel's certificate attached to the petition for judicial review states that it was deposited in the post office on June 18, 1983. Also, the envelope in which the petition arrived was addressed to and received by the "State Court Administrator" and bore a cancellation dated June 20, 1983, p.m. On this record, petitioner has not established that the petition has been timely filed under ORS 19.028.

The motion to reinstate the appeal is denied.

---

[1] Petitioner appears to be trying to comply with *Modoc Lumber Co. v. EBI Companies,* 295 Or 598, 668 P2d 1225 (1983), but the affidavit falls short of providing proof that the petition was *mailed* on June 17, 1983.