Argued and submitted January 29, affirmed June 4, 1985

In the Matter of the Compensation of
Sharon J. Anders, Claimant.

## SOUTHWEST FOREST INDUSTRIES,
*Petitioner on Review,*

*v.*

## ANDERS,
*Respondent on Review.*

(82-10,877; CA A33032; SC S31192)

701 P2d 432

H. Scott Plouse, Cowling & Heysell, Medford, argued the cause for petitioner on review.

Charles H. Seagraves, Jr., Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass, argued the cause for respondent on review.

LENT, J.

## LENT, J.

Two primary issues are presented: (1) Whether ORS 19.028[1] is applicable to "filing with the clerk of the Court of Appeals the original notice of appeal" under ORS 656.298(3).[2] (2) Whether "serving, by registered or certified mail, a copy of the notice of appeal" on the Workers' Compensation Board (Board) under ORS 656.298(3) within 30 days of the order from which appeal[3] is taken is essential to acquisition of jurisdiction by the Court of Appeals. We hold that both issues are to be answered in the affirmative.

The Board mailed an order on July 23, 1984. The employer desired to appeal and on August 22, exactly 30 days later, mailed to the clerk of the Court of Appeals a petition for judicial review,[4] which was not received by the clerk until August 23, *i.e.,* 31 days after the Board's order was mailed. The petition has endorsed on it the certificate of counsel for the employer that on August 22 he had served each of the parties and their counsel by true copies sent by certified mail. Absent from the certificate of service was any claim of service on the Board.[5]

---

[1] ORS 19.028 provides:

"Filing a notice of appeal or petition for review in an appeal or petition for review to the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice or petition shall be the date of mailing, provided it is mailed by registered or certified mail and the appellant has proof from the post office of such mailing date. Inclosure with the mailed notice of the appropriate filing fee shall be considered timely deposit of that fee. Proof of mailing shall be certified by the appellant and filed thereafter with the court to which the appeal is taken."

[2] In pertinent part ORS 656.298(3) provides:

"The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board and on the parties who appeared in the review proceedings, and by filing with the clerk of the Court of Appeals the original notice of appeal with proof of service indorsed thereon. * * *"

[3] ORS 656.295(8) provides that an order of the Board is final unless within 30 days a party "appeals to the Court of Appeals for judicial review pursuant to ORS 656.298." ORS 656.298(1) provides that within the time limit specified in ORS 656.295 a party may request "judicial review of the order with the Court of Appeals."

[4] Because the terminology of ORS 656.295(8) and 656.298 is imprecise, we shall use the terms "petition for judicial review," "request for judicial review," and "notice of appeal" interchangeably.

[5] In this court the employer's counsel has asserted that he did serve the board by certified mail, but there is nothing in the record before the Court of Appeals to show that service. The record on review is the record before the Court of Appeals. ORAP

On its own motion the Court of Appeals dismissed the appeal for "lack of jurisdiction as untimely served on Workers' Compensation Board," citing *Stevens v. SAIF,* 27 Or App 87, 555 P2d 480 (1976).

The employer petitioned for review, erroneously asserting that the Court of Appeals had dismissed the appeal "on the grounds that it lacked jurisdiction to review the matter under ORS 19.028 and 19.033(2)." The error in that assertion lies in the fact that the Court of Appeals stated that the authority for dismissal was *Stevens v. SAIF,* 27 Or App 87, 555 P2d 480 (1976), and that decision and the case on which it relies, *Zandbergen v. Johnson,* 24 Or App 151, 544 P2d 587 (1976), contain no mention of either ORS 19.028 and 19.033(2).

The petition for review also asserted that although the Court of Appeals' action might have been required by our decision in *Modoc Lumber Co. v. EBI Companies,* 295 Or 598, 668 P2d 1225 (1983), in which we relied in part on ORS 19.028 and 19.033, we had stated just weeks before in *SAIF v. Maddox,* 295 Or 448, 667 P2d 529 (1983), that ORS chapter 19 was not applicable to appeals from the Board to the Court of Appeals in workers' compensation cases. We allowed review to resolve the contradiction in those two decisions of this court.

After we had allowed review, we questioned whether there was an independent ground for holding that the Court of Appeals was without jurisdiction, namely, the failure to have the petition for judicial review filed with the clerk of the Court of Appeals until the 31st day following mailing of the Board's order. It is our duty to raise a want of jurisdiction on our own motion. *See,* for example, *Ragnone v. Portland School District No. 1J,* 289 Or 339, 613 P2d 1052 (1980), and *Johnson v. Assured Employment,* 277 Or 11, 558 P2d 1228 (1977). Accordingly, we directed questions to the parties concerning the issue of want of jurisdiction on this ground.

10.15(6). Rather than supporting the assertion of counsel, the record forwarded to the Court of Appeals by the Board pursuant to ORS 656.298(4) and (5) contains a copy of the petition for judicial review bearing the Board's stamp showing receipt on September 21 with counsel's certificate that he had deposited the copy in the mail on September 20 and that it had been sent by certified mail. This mailing was 29 days after the Board's order became final under ORS 656.295(8).

## FILING THE NOTICE OF APPEAL

It is undisputed that the notice of appeal was not delivered physically to the clerk of the Court of Appeals within 30 days after the date of the mailing of the Board's order. The question is whether "filing" with the clerk may be accomplished at the time of mailing by reason of ORS 19.028. The text of that statute so provides. Legislative history indicates the same.

ORS 19.028 has its genesis in Senate Bill 812 in the 1979 legislative session. As originally introduced, the bill was concerned with appeals from circuit court to the Court of Appeals and would have amended ORS 19.026 by adding a subsection:

"(4)  Filing of the notice of appeal with the clerk may be accomplished by mail addressed to the clerk. If the most expeditious form of delivery by mail, other than special delivery, is used, the notice of appeal shall be considered filed on the day of mailing, and enclosure with the mailed notice of the appropriate filing fee shall be considered timely deposit of that fee under ORS 19.035."

Witnesses in support of the bill before the Senate Committee on Judiciary described the problems faced by lawyers practicing in the more distant parts of the state. They pointed out that although notices of appeal might be mailed in time ordinarily to arrive timely at the clerk's office, mail delay could cause a notice of appeal to arrive untimely and result in dismissal for want of jurisdiction. Such lawyers either had to mail well in advance or go to the extra expense of having the notice physically delivered in Salem. They contended that they were thus penalized for practicing away from Salem.

Other witnesses pointed out that the problem arose not only in appealing court cases but in seeking judicial review of administrative agency decisions. In particular, a lawyer who practiced in the workers' compensation field recounted an unhappy experience of his law firm, which had mailed a notice of appeal from a Board order to the clerk of the Court of Appeals and a copy to the Board. The Board received the copy on Friday, the 30th day; however, although the notice of appeal was received by state mail employees on the same day, the notice was not physically delivered to the clerk of the court until the following Monday, resulting in dismissal of the appeal.

■    Following this testimony, the Senate Committee adopted amendments that removed the subject of the bill from ORS 19.026 and created a new section which became Oregon Laws 1979, chapter 297, section 1, now codified as ORS 19.028. We conclude from the text and from this history that ORS 19.028 is applicable to filing a notice of appeal under ORS 656.298(3).[6]

In *SAIF v. Maddox, supra,* we considered a contention of SAIF that the Board lost jurisdiction of a case completely after notice of appeal had been filed in the Court of Appeals for judicial review of a certain Board order. SAIF particularly cited to us ORS 19.033(1) and 19.190(1), which are not concerned with the subject addressed by ORS 19.028. We held that a particular provision in the Workers' Compensation Law, ORS 656.313, rather than ORS 19.033(1) and 19.190(1), was dispositive. Unfortunately, in rejecting the application of the particular subsections of ORS chapter 19 cited to us by SAIF, we made too broad a statement when we said:

> "Our examination of ORS chapter 19 satisfies us that it has no application to appeals from administrative tribunals. Throughout ORS chapter 19 reference is made to appeals from the trial courts, never to appeals from an administrative agency. The workers' compensation statutory scheme contains its own provisions governing appeals. ORS 656.298, for example, specifically instructs litigants how to process an appeal to the Court of Appeals and sets forth the scope of that court's review."

295 Or at 452-453. We now disapprove that statement as it relates to ORS 19.028.

---

[6] We are mindful of our observation, made in an earlier case, that "statements before legislative committees by persons not members of the legislature may have little or no significance." *Henthorn v. Grand Prairie School Dist.,* 287 Or 683, 691 n. 5, 601 P2d 1243 (1979). We understand as well the caution that must be used in relying on such statements. *See* 2A Sands, Sutherland Statutory Construction 318, § 48.10 (4th ed 1984). This court has never, however, held that such statements are of no value. On the contrary, we have regularly availed ourselves of testimony given in legislative hearings in order to make a determination of legislative intent based on the fullest possible record. *See, e.g., Henthorn v. Grand Prairie School Dist., supra; Sager v. McClenden,* 296 Or 33, 672 P2d 697 (1983); *Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979). *Compare, Kessler v. Weigandt,* 299 Or 38, 46-47, 699 P2d 183 (1985), in which we rejected an opinion of a witness as to the effect of a bill because the opinion was mistaken.

The tenor of our opinion in *Modoc* indicated that several sections of ORS chapter 19 were applicable to workers' compensation appeals. That was unfortunate in light of our then very recent decision in *Maddox*. While our statement in *Maddox* of the inapplicability of chapter 19 to workers' compensation appeals was too broad, the decision in *Modoc* ignored the judicial review provisions of the Workers' Compensation Law.

Rather than decide too much or too little in the case at bar, we here hold that the appellate scheme provided in ORS 656.295 and 656.298, as supplemented by ORS 19.028, governs in this case.

## COMPLIANCE WITH ORS 19.028

We now turn to deciding whether the employer here satisfied the requirements of ORS 19.028. As we noted earlier, the employer acknowledged that under *Modoc* the Court of Appeals probably had properly dismissed. The employer challenges our decision in *Modoc,* however, and the rule of appellate procedure promulgated pursuant to that opinion. In *Modoc* the notice of appeal was mailed by certified mail to the clerk of the Court of Appeals on the 30th day and the mailing envelope "had affixed to it two post office forms used for certified mail and for securing a return receipt," but no date stamp was secured from the post office and the notice was not received by the clerk until the next day, just as in the case at bar. In contesting dismissal, the appellant presented a letter from the postmaster to the effect that the letter must have been mailed on the 30th day to reach the clerk on the 31st day. The respondent argued that the letter from the postmaster did not constitute "proof from the post office of such mailing date." The respondent argued that the required form of proof from the post office was not specified in the statute and this court must decide what the statute meant in that respect.

We noted the possible ambiguity inherent in the statutory requirement that the appellant "has" proof from the post office of the mailing date.

"We understand the phrase 'has proof' to refer to the time of mailing, but again it is not inconceivable that a party might read the statute to mean that the party must have the proof of mailing 'thereafter' when it certifies the proof and files it with the court."

295 Or at 602. We held that there was some uncertainty in the statutory text and that the text could and should be clarified by the Oregon Rules of Appellate Procedure. For disposition of the case in *Modoc* we held

"that the present appeal should be reinstated. This holding will not serve to justify any similar ex post facto proof of the date of any filing made after the effective date of a rule of appellate procedure on that point."

295 Or at 603.

Rule 2.06 was thereafter added to the Oregon Rules of Appellate Procedure, adopted effective as of January 4, 1984, and read as follows:

"A notice of appeal, a petition for judicial review or a petition for review in the Supreme Court may be filed by mail. If the date of mailing is relied upon as the date of filing under ORS 19.028, acceptable 'proof from the post office' shall be a receipt stamped by the post office showing the date mailed and the certified or registered number. The receipt must be submitted to the Case Records Division in the State Court Administrator's office with accompanying certification that shows service on opposing counsel."

The rule is now found as ORAP 1.35(1)(b)(i):

"(b)  Filing may be accomplished by mail and shall be complete on deposit in the mail in the following circumstances:

"(i)  all notices of appeal and petitions for judicial review if mailed in accordance with ORS 19.028. If the date of mailing is relied upon as the date of filing under ORS 19.028, acceptable 'proof from the post office' shall be a receipt stamped by the United States Postal Service showing the date mailed and the certified or registered number. The receipt shall be submitted to the State Court Administrator, Case Records Division, with proof of service."

The employer in the case at bar concedes that it cannot satisfy the rule for want of the "receipt stamped." The employer contends that the appellate courts had no authority to adopt a rule which narrows the statutory text requirement of "proof from the post office." Otherwise put, the employer contends that the statute permits it to prove by any available evidence that it mailed the notice on a particular date, and the

appellate courts have no power to limit the kind of evidence sufficient to prove the fact of the date of mailing.

As we stated in *Modoc,* we desired to promulgate a rule that would clarify the arguably ambiguous text of ORS 19.028. The rule was designed to save the time of litigants and of the appellate courts by stating a method of "proof from the post office" easily achieved by the litigant and easily administered by the courts. Whether the Court of Appeals and this court[7] have power to limit the mode of "proof" to which ORS 19.028 speaks need not be answered in this case.

■ We return to the text of ORS 19.028. In *Modoc* we suggested that "has proof" probably spoke to the time of mailing, and we warned that once a rule of procedure were adopted our decision in *Modoc* would not justify ex post facto proof of mailing. We now squarely hold that the statute requires that the litigant obtain proof at the time of mailing in order to satisfy the statutory requirement that the litigant "has" proof. The petitioner in *Modoc* had not the benefit of the decision in *Modoc,* and the warning therein, and we believed that justice required reinstating the appeal. That is not true in the case at bar. Lawyers for litigants were warned in *Modoc,* which was handed down September 7, 1983. Additional warning in the form of Rule 2.06 became effective January 4, 1984. The mailing in the case at bar occurred almost a year after the decision in *Modoc* and some seven months after the effective date of the rule.

We hold that the petition for judicial review was not timely filed with the clerk of the Court of Appeals.[8]

## JURISDICTION

Petitioner next contends that filing within 30 days of the date of the Board's order is not essential to Court of Appeals jurisdiction of a request for judicial review under ORS 656.295(8) and 656.298. The employer's argument is constructed from the fact that the law formerly used the word

---

[7] The Oregon Rules of Appellate Procedure (ORAP) are promulgated by both the Supreme Court and the Court of Appeals.

[8] The employer has directed our attention to House Bill 2205 introduced in the present legislative session at the request of the Judicial Department. The bill would amend ORS 19.028 but not in any particular that would affect what we hold in this case.

"jurisdiction" with respect to judicial review, but that word is no longer found in ORS 656.298. The employer points out that ORS 19.033(2) specifically provides that in appeals from circuit or district court to the Court of Appeals timely service and filing of the notice of appeal "is jurisdictional and may not be waived or extended." Because, argues the employer, there is no like terminology in the Workers' Compensation Law, the legislature must have intended that a defect in filing is not jurisdictional:

> "In short, if the Legislature intended that defects in the filings of Workers' Compensation appeals were to be jurisdictional, it has certainly proved that it is capable of drafting the necessary language to make them jurisdictional. It has not done so * * *."

In 1913 the legislature enacted a workers' compensation law, Or Laws 1913, ch 112. That law provided for appeal from the decision of the State Industrial Accident Commission to the circuit court. Section 32 provided in pertinent part:

> "No such appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission within 30 days following the rendition of the decision appealed from * * *."

The provision does not use the word "jurisdiction."

In 1917 section 32 was amended, Or Laws 1917, ch 288, § 18, to provide that a claimant might appeal from the "final action" of the Commission "within thirty days." The word "jurisdiction" does not appear. The word "jurisdiction" appeared for the first time when section 32 was amended in 1919, Or Laws, ch 397, § 1. The amended section gave "any beneficiary" 30 days after a commission final action to appeal to the circuit court and

> "It shall be sufficient to give the circuit court jurisdiction that a notice be filed with the clerk of said court to the effect that an appeal is taken * * *."

In 1921 the legislature returned to the section, by then codified as O.L. § 6637, amending it to allow 60 days from commission final action to appeal but not changing the just quoted text concerning circuit court "jurisdiction." Or Laws 1921, ch 311, § 10.

In 1925 the legislature forsook the word "jurisdiction" and amended the section to shorten to 30 days the time for appeal to the circuit court:

"Such appeal shall be perfected by filing with the clerk of the court a notice of appeal in the form of a complaint as provided in civil actions at law, and by serving a copy thereof by registered mail on the commission."

Or Laws 1925, ch 133, § 8.

In 1933 the section was again amended, Or Laws 1933, ch 455, § 1, without changing the language of the 1925 amendment. In 1935 the legislature again amended the section, Or Laws 1935, ch 178, § 1, but did not change the 1925 language, which failed to mention the word "jurisdiction." The section, by then codified as section 102-1774, OCLA, was again amended in 1945, Or Laws 1945, ch 303, § 1, but there was no change in the 1925 language.

When the legislature enacted Oregon Revised Statutes in 1953, the right of appeal was addressed in ORS 656.286 and 656.288, with the preservation of the same 30 day period from the time of the commission's final order but a change in language as to perfection of the appeal. Then ORS 656.288(2) provided:

"The appeal shall be perfected by filing with the clerk of the [circuit] court a complaint, as provided in civil actions at law, and by serving a copy thereof by registered mail on the commission."

The word "jurisdiction" was still absent. The section was amended by Oregon Laws 1957, chapter 288, section 1, without any change in that sentence.

In the wholesale revision of the law relating to workers' compensation in 1965, ORS 656.288 was repealed, and sections 35a and 36 were enacted, Or Laws 1965, ch 285. Section 35a(8) provided:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the circuit court for judicial review pursuant to section 36 of this 1965 Act. * * *"

Section 36 provided:

"(1)   Any party affected by an order of the board may,

within the time limit specified in section 35a of this 1965 Act, request judicial review of the order with the circuit court * * *.

"* * * * *

"(3) The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board and on the other parties who appeared in the review proceedings, and by filing with the clerk of the circuit court the original notice of appeal with proof of service indorsed thereon. * * *"

Those sections were codified as ORS 656.295(8) and 656.298(1) and (3), respectively. Except for the change from the circuit court to the Court of Appeals of the judicial review function, there have been no subsequent pertinent modifications of the 1965 legislation.

The word "jurisdiction" has not appeared in the legislative scheme for judicial review of administrative agency action since 1925. We now turn to appellate court decisions concerning "jurisdiction" vis-a-vis timeliness.

Although timeliness was not the particular issue, this court noted in *Graves v. State Industrial Acc. Com.*, 112 Or 143, 223 P 248 (1924), that because the right of judicial review was purely statutory, conformance to statutory requirements was essential to appellate tribunal jurisdiction. *See also Liimatainen v. State Indus. Acc. Com.*, 118 Or 260, 246 P 741 (1926). This is nothing more than a particular application of the rule that appellate jurisdiction springs from statute and that except for statutory authority this court and the Court of Appeals have no power to address the merits of a claim. *See Ragnone v. Portland School District No. 1J*, 289 Or 339, 613 P2d 1052 (1980).

In *Jackson v. State Industrial Acc. Com.*, 114 Or 373, 235 P 302 (1925), the worker attempted to appeal to the circuit court from an order of the Commission, but he did not file his notice of appeal in the circuit court until after the 60 day period specified for appealing by O.L. § 6637. This court quoted from an earlier decision, *Demitro v. State Industrial Acc. Com.*, 110 Or 110, 112, 223 P 238 (1924):

"The whole scheme of the Workmen's Compensation Law is purely statutory, and not according to the course of the common law. It is elementary that in acquiring jurisdiction in

pursuit of a statutory remedy, the requirements of the enactment must be complied with strictly."

114 Or at 377. This court then held that the circuit court was without jurisdiction. This court did not even refer to the word "jurisdiction" then in O.L. § 6637 but quoted only the part of the statute requiring that an appeal be taken within 60 days.

In another case, *Bergerson v. State Indus. Acc. Com.,* 121 Or 314, 253 P 1052 (1927), concerning events governed by the statute while it still contained the word "jurisdiction," this court decided that the circuit court was without jurisdiction of an appeal that was untimely filed without any reference to statutory text other than the 60 day limit for appeals from commission orders.

After the statute had been amended in 1925 wherein the word "jurisdiction" was removed from the text and the 30 day limit restored, a claimant did not file her notice of appeal and complaint in the circuit court until the 31st day. This court stated:

"The only question presented in this case is, did the respondent perfect her appeal within the time required by statute?

" 'Within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the circuit court * * *. Such appeal shall be perfected by filing with the clerk of the court a notice of appeal in the form of a complaint as provided in civil actions at law, and by serving a copy thereof by registered mail on the commission.' Oregon Code 1930, § 49-1843.

"It will be observed the statute requires the filing of a notice of appeal in the form of a complaint and by serving a copy thereof by registered mail on the commission. Both of these acts must be done, that is, the complaint must be filed and served within the thirty days in order to give the circuit court jurisdiction."

*Sevich v. State Ind. Acc. Com.,* 142 Or 563, 565, 20 P2d 1085 (1933).

In *Gerber v. State Ind. Acc. Com.,* 164 Or 353, 101 P2d 416 (1940), applying the statute that did not contain the word "jurisdiction" but did require that an appeal be taken to the

circuit court within 30 days of the Commission's final order, this court held that the circuit court had no jurisdiction of an appeal filed in the circuit court more than 30 days after the final order.

The foregoing review of cases spanning a period of time during which the statutes did contain the word "jurisdiction" and did not contain the word demonstrates that this court has consistently held that perfecting an appeal within the statutory time limits is the key to jurisdiction in the court and that the presence or absence of the word has never been considered important.

It is against this background of judicial action that we view the 1965 version of the Workers' Compensation Law. The legislative course granting judicial review by filing a notice of appeal in court within a prescribed time limit was continued. There is nothing to indicate that the legislature meant that filing within the time limit was no longer to be essential to the court's jurisdiction. We have stated

> "that amendatory acts do not change the meaning of preexisting language further than is expressly declared or necessarily implied."

*Fifth Avenue Corp. v. Washington Co.,* 282 Or 591, 597-598, 581 P2d 50 (1978).

■ Under ORS 656.295(8) the Board's order becomes final "unless within 30 days * * * one of the parties appeals * * * pursuant to ORS 656.298." No later than midnight on the 30th day the order is final, both internally and externally. Finality can be avoided only by taking certain action within the 30 days. One such essential action is filing the notice of appeal with the clerk of the Court of Appeals.

The employer here has failed to file the notice of appeal with the clerk of the Court of Appeals until the 31st day. Just as in the case of the claimant who failed to file until the 31st day in *Sevich v. State Ind. Acc. Com., supra,* the court has no jurisdiction over the merits of this appeal.

## SERVICE ON THE BOARD

The Court of Appeals, *sua sponte,* dismissed this appeal for failure to serve the Board as required by ORS 656.298(3). The same reasoning employed by this court from

the time of *Demitro v. State Industrial Acc. Com., supra,* forward, that jurisdiction in the court springs from the statute and that strict compliance with the statute is necessary to the court's jurisdiction, will lead to the affirmance of the Court of Appeals' action on the ground it chose.

■ Again, the Board's order becomes final not later than the end of the 30th day unless appeal is taken "pursuant to ORS 656.298." ORS 656.298(3) specifies that one of the acts that an appellant must do to "commence" judicial review is to serve a copy of the notice of appeal on the Board[9] and file the notice of appeal "with proof of service indorsed thereon." The original notice of appeal (petition for judicial review) eventually filed by this employer contained no such indorsement.

This is an alternative basis of affirming the decision of the Court of Appeals that the appeal should be dismissed.

Affirmed.

---

[9] *Compare Sevich v. State Ind. Acc. Com.,* 142 Or 563, 565, 20 P2d 1085 (1933), where we stated that *both* timely filing of the notice of appeal *and* serving a copy on the Commission were necessary to court jurisdiction.